(No. 16267.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARION ENSOR, Plaintiff in Error.

*Opinion filed December 16, 1925.*

1. CRIMINAL LAW—*when withdrawal of plea of guilty rests in discretion of court.* Where the accused pleads guilty to an indictment with a full understanding of the nature of the charge against him, the consequences of the plea having been fully explained to him, it is discretionary with the court whether the plea will be permitted to be withdrawn.

2. SAME—*when court should permit the withdrawal of plea of guilty.* Where it appears that a plea of guilty was entered through a misapprehension of the facts or the law, or where it appears that there is doubt of the defendant's guilt or that he has a defense worthy of consideration by a jury and that the ends of justice will be best served by submitting the case to a jury, the court should permit the withdrawal of the plea of guilty and allow the accused to plead not guilty.

3. SAME—*defendant cannot withdraw his plea of guilty because sentence is not what he expected.* Where an accused, knowing his rights and the consequences of his act, hopes or believes that by pleading guilty he will receive a shorter sentence or milder punishment than he would upon a trial and conviction by a jury, he has no right to withdraw his plea of guilty merely because the sentence or punishment imposed upon him by the court is not what he hoped or believed it would be.

4. SAME—*when court does not abuse discretion in denying probation.* Where the report of the probation officer shows that the defendant, who has pleaded guilty after having the consequences of such plea explained to him, is not worthy of probation on account of his criminal record, the court does not abuse its discretion in denying probation and in denying the defendant's motion to withdraw his plea of guilty, although the defendant claims he entered his plea only upon the promise of the State's attorney to recommend his probation.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. CHARLES V. MILES, Judge, presiding.

GEORGE W. SPRENGER, for plaintiff in error.

EDWARD J. BRUNDAGE, E. E. BLACK, State's Attorney, VIRGIL L. BLANDING, and JESSE BLACK, JR., for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Marion Ensor, plaintiff in error, Eddie Campbell, Sammie Wade and William Beetler were jointly indicted at the May term, 1924, of the circuit court of Tazewell county for an attempt to burglarize a dwelling house and to commit larceny. At the same term of the court the defendants appeared and filed a motion to quash the indictment. The motion was overruled and they entered a plea of not guilty. At that term plaintiff in error was granted leave to withdraw his plea of not guilty and to enter a plea of guilty. The court fully explained to him the consequences of entering such a plea but he persisted in his plea of guilty, and the court, on consideration thereof, found him guilty of attempt to commit burglary and larceny as charged in the indictment and that his age was twenty-two years. Plaintiff in error then presented his written petition for probation to the court, which was referred to the probation officer for his report. On the same day the State's attorney *nolle prossed* the indictment as to all of the other defendants on account of the insufficiency of the evidence against them. Thereafter the probation officer filed his report showing that plaintiff in error had been arrested and charged with having received stolen property and for burglary and larceny previous thereto, and that an indictment was then pending against him for having in his possession burglar's tools. The report also showed that he had been previously fined for a minor offense and that he had been arrested a number of times for other crimes. The court denied the petition and refused to grant him probation. Plaintiff in error by his attorney then orally moved the court for leave to withdraw his plea of guilty and to enter a plea of not guilty to the indictment, which was overruled by the court and he was sentenced to the penitentiary. He was then granted

a stay of the *mittimus* and entered into a bond, which was approved by the court, for the purpose of prosecuting this writ of error to this court. Thereafter, at the same term, plaintiff in error filed his written motion, supported by affidavits, to vacate the judgment and sentence and for leave to withdraw his plea of guilty and to enter his plea of not guilty. The court overruled this motion.

Plaintiff in error in his affidavit in support of his motion stated that upon his first arraignment before the court his attorney was called into consultation with the State's attorney and his assistant, and after that conference his attorney advised him to plead guilty, as the State's attorney had agreed not to oppose his probation but would recommend it and *nolle* the indictment against the other defendants; that before any order was entered by the court the State's attorney told plaintiff in error that if he would behave himself, he, the State's attorney, would go the limit to get him probation, and that the State's attorney, after looking at plaintiff in error's crippled hand, said that he had been punished enough and that he would make the bond $1000. In the affidavit he further stated that relying upon the promise of the State's attorney he withdrew his plea of not guilty and entered his plea of guilty, although he was not guilty of the crime charged against him, and that he believed he would not be punished if he pled guilty. He further stated that at the hearing on the report of the probation officer, the State's attorney, in response to a question from the court, replied that he would not recommend probation, and upon being informed by plaintiff in error's attorney, in the presence of the court, that he had promised that he would recommend probation of plaintiff in error, replied that he had changed his mind; and that upon such refusal of the State's attorney plaintiff in error immediately asked leave to withdraw his plea of not guilty because he had been deceived and his plea of guilty had been obtained by means of fraud and misrepresentation. He further

319—17

stated that he went to the premises of the prosecuting wit-
ness with several others for the purpose of obtaining a drink
of liquor; that he had been advised that the proper signal
was to tap on the window of prosecuting witness' cabin and
the door would be opened; that he did tap on the window
as he had been told and that three fingers of his right hand
were shot off by the discharge of a shot-gun from within
the cabin, and that he did not have any intention of burg-
larizing the dwelling, robbing or stealing from the prosecut-
ing witness, who was a well-known bootlegger.   Attached
to the affidavit was a newspaper clipping from the *Pekin
Daily Times* criticising the State's attorney for dismissing
the cases against those jointly indicted with plaintiff in er-
ror and for his laxity in prosecuting criminals.   The affidavit
of plaintiff in error's mother also accompanied the motion,
in which she stated that the State's attorney told her before
plaintiff in error pled guilty that he was willing for him to
have probation and would reduce his bond from $5000 to
$1000, and that such bond could be signed by her.   The
court heard arguments of counsel on the motion and on
June 7, 1924, overruled the motion.

     On June 16, 1924, the People, by the State's attorney
and his assistant, appeared and filed a written motion for
leave to file counter-affidavits.   Neither plaintiff in error
nor his attorney appeared.   The record shows that notice
of the presenting of such motion and affidavits was given
to plaintiff in error's attorney by registered mail before the
day on which it was presented.   The court allowed the mo-
tion, and the counter-affidavits of the State's attorney and
his assistant were filed.   The State's attorney stated in his
affidavit that he never at any time or place agreed with
counsel for plaintiff in error to recommend probation of
plaintiff in error in case he pled guilty to the charge in the
indictment; that on May 21, 1924, he and his assistant were
in the law library room connected with the circuit court
room and were discussing the trial of plaintiff in error and

the advisability of *nolleing* the indictments against the others jointly indicted with him on account of insufficient evidence to convict, and that during such conference there was no one present but the State's attorney and his assistant. Immediately after this conference the attorney for plaintiff in error came into the room, and upon being advised that the case against the other defendants would be dismissed and that plaintiff in error had better plead guilty, as the State had a complete case against him, inquired whether or not the State's attorney would oppose probation if plaintiff in error pled guilty. The State's attorney replied that he would not oppose probation but that plaintiff in error's attorney must take the responsibility of procuring the same, and also a favorable report from the probation officer, and that he would not recommend probation. The State's attorney in his affidavit denied that he told plaintiff in error that if he would behave himself, he, the State's attorney, would go the limit to secure him probation, and that he at no time stated to plaintiff in error, his attorney or his mother that he would recommend probation; that he did state to the plaintiff in error's mother that he was willing for the bond to be fixed at $1000, but that he had no other conversation with her. He further stated that it is true that plaintiff in error's attorney said to him, in the presence of the court, that he had promised probation if plaintiff in error pled guilty, but that he had never made such promise or statement, and also denied that he then stated that he could not recommend probation because the newspapers were after him. The counter-affidavit of the assistant State's attorney corroborates the affidavit of the State's attorney, and the assistant further states that he did not at any time promise to plaintiff in error, his mother or his attorney that he would recommend probation for plaintiff in error; that he was present when the alleged statement of the State's attorney that he would recommend probation is stated to

have been made and denies that any such statement was made, either by the State's attorney or himself.

The only ground alleged by plaintiff in error for reversing the judgment of the circuit court is, that that court erred in not allowing him to withdraw his plea of guilty and enter a plea of not guilty after his petition for probation had been denied by the court. He contends that the court erred in not allowing said motion because his plea of guilty was obtained by the fraud and misrepresentation of the State's attorney in promising to assist him in securing probation and because his affidavit in support of his motion alleged that he was not guilty and that he had a meritorious defense to the charge.

It is not denied that the consequences of the plea of guilty were fully explained to plaintiff in error by the court and that he was represented by competent counsel. It is also clear that he had a full understanding of the nature of the charge against him. The general rule is, that where the accused, with a full understanding of the nature of the charge against him, pleads guilty to an indictment, whether the plea will be permitted to be withdrawn is discretionary with the court. (*People* v. *Bonheim,* 307 Ill. 316; *People* v. *Stamatides,* 297 id. 582; *People* v. *Kleist,* 311 id. 179.) The following exceptions are recognized to the above rule: Where it appears that a plea of guilty was entered through a misapprehension of the facts or the law; where it appears that there is doubt of his guilt; where it appears that he has a defense worthy of consideration by a jury; and where it appears that the ends of justice will be best served by submitting the case to a jury. In either such event the court should permit the withdrawal of the plea of guilty and allow the accused to plead not guilty. (*People* v. *Byzon,* 267 Ill. 498; *People* v. *Walker,* 250 id. 427; *Krolage* v. *People,* 224 id. 456; *People* v. *Kleist, supra.*) The above cases also recognize the rule that if an accused, knowing his rights and the consequences of his act, hopes or believes

that by pleading guilty he will receive a shorter sentence or milder punishment, or some other favor, than he would upon a trial and conviction by a jury, he has no right to withdraw his plea of guilty if the sentence or punishment imposed upon him by the court is not what he hoped or believed it would be. Such procedure would allow the accused to speculate upon the supposed clemency of the judge, and if his sentence or punishment were not as he hoped or believed it would be, to retract his plea and secure a trial before a jury. Plaintiff in error was well advised by counsel, and he should have known that the State's attorney, even if it is true that he promised he would recommend probation, is not the officer vested with the power of probation but that it is entirely a function of the court. The court should, and often does, deny probation even though recommended by the State's attorney, where the facts show that the accused is an unsavory and habitual criminal. In their counter-affidavits, to the filing of which no objection was made, the State's attorney and his assistant deny that any promise of recommendation of probation was ever made to the plaintiff in error or his attorney, and it is not satisfactorily shown that any misrepresentation was made to plaintiff in error by the State's attorney or his assistant. It is not a fair conclusion from all of the circumstances to say that plaintiff in error was not guilty of the crime charged. He was advised by competent counsel and was experienced in criminal proceedings, and it is not at all reasonable to conclude that he would have pled guilty, if innocent, to a charge of such a serious nature and speculate upon the decision of the court as to his probation,—especially with his criminal record, which he well knew would be presented to the court by the probation officer. There is no showing in the entire case that the ends of justice would best be served by submitting the case to a jury. The court did not abuse its discretion.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*