(No. 32008.—

The People of the State of Illinois, Defendant in Error, *vs.* Robert J. Hancasky, Plaintiff in Error.

*Opinion filed September 21, 1951—Rehearing denied Nov. 19, 1951.*

John A. McIntyre, of Chicago, for plaintiff in error.

Ivan A. Elliott, Attorney General, of Springfield, and John Irving Pearce, State's Attorney, of Joliet, (Harry L. Pate, of Tuscola, of counsel,) for the People.

Mr. Chief Justice Daily delivered the opinion of the court:

An indictment returned to the September term, 1949, of the circuit court of Will County, jointly charged Robert J. Hancasky, Francis Ventura, Michael Sinchak, and John Koutras with the crime of forcible rape. On arraignment they pleaded not guilty and, after motions of the latter three for severance were denied, the cause came on for hearing October 10, 1949, with each of the defendants being represented by counsel of his own choice. Before a jury was completely chosen, each of the defendants changed his plea of not guilty to one of guilty. The court then heard evidence in aggravation and mitigation, following which Hancasky was sentenced to the penitentiary for a term of twenty years and the other three defendants for terms of fifteen years. Hancasky, to whom we shall hereafter refer as plaintiff in error, has sued out this writ of error to review his judgment of conviction.

Plaintiff in error contends he was denied due process of law for two reasons: First, that he was prevented from having a trial by jury on the merits because the State's Attorney induced him, by promises impliedly acquiesced in by the court but later ignored, to forego presenting a valid legal defense and to enter a plea of guilty; and that he was precluded from subsequently challenging the judgment entered on his plea because of his speedy removal to the penitentiary, so that the court was divested of jurisdiction of his person and of the right to entertain an application for relief; second, that the recording of his plea of guilty and the entry of judgment thereon in chambers, after a secret session, was in violation of our constitution and Criminal Code, in that it denied him a public trial in open court.

The record discloses that, when the cause came on for hearing on October 10, the examination of jurors on their *voir dire* was commenced, and thereafter, when it was reported that the regular panel would be exhausted, the court ordered the clerk to draw a panel of fifty persons for immediate service, and continued the cause to the following day. On October 11, the court announced to the jurors and panel members present that there was a matter to take up in the case apart from the jury, and continued: "I am going to ask you parties in this proceeding to go to the little courtroom and all of you prospective jurors remain in this room." Outside the presence of those in the main courtroom, the judge stated that he had been informed that the defendant Hancasky had some motion to present. The latter's attorney then stated that plaintiff in error desired to enter a plea of guilty and added: "I don't know if there should be anything on the State's Attorney's part at this time." The judge replied: "If there is, it should be the recommendation on the part of the State's Attorney; that should come at a later date. I understand that the State's

Attorney will make certain recommendations; if he fails to make them, that is ground to withdraw a plea of guilty."

The court then asked plaintiff in error if he had heard the motion made by his counsel relative to entering a plea of guilty to the crime of rape as charged in the indictment, and asked if it conformed to his wishes. Following this, the court read the indictment and asked plaintiff in error if he understood it; defined the crime of rape and the penalty authorized by law upon conviction; advised plaintiff in error of his right to jury trial and to counsel; and informed him that in the event the court accepted the motion to withdraw the plea of not guilty and to enter a plea of guilty, the penalty provided by law was imprisonment in the penitentiary for a term of not less than one year and that it may extend to life. Following this detailed recital the court asked the plaintiff in error if he still desired to enter a plea of guilty, and received an affirmative answer. The plea of not guilty was ordered withdrawn and a plea of guilty recorded, following which the court found the age of plaintiff in error to be twenty-eight years and ordered judgment entered on the plea of guilty to the crime of rape as charged.

The State's Attorney then recommended a sentence of five years, and the cause was continued to October 21, 1949, for the purpose of hearing evidence in aggravation and mitigation. At the hearing, the complaining witness and her husband both testified that while they were seated in their parked automobile on Zarley Road near its intersection of U.S. Route 66A, the plaintiff in error and his three codefendants forcibly took the husband from the automobile, and, while two of defendants held him, plaintiff in error and another of the defendants, whom they were unable to identify positively, forced the complaining witness to have illicit relations with them. The testimony of plaintiff in error and his codefendants was substantially the same, although each of them denied that any force was

used and testified that the complaining witness consented to relations with the plaintiff in error, in return for a promise that only he would molest her. After hearing many character witnesses, the court observed that, in his judgment, the sentence of five years recommended by the State's Attorney was inadequate, and stated that he did not intend to be bound by the recommendation. After asking each of the defendants if there was any reason why sentence should not be imposed, and having received a negative reply from each, the court sentenced the defendants as previously related.

The tenor of plaintiff in error's first contention is that a combination of erroneous circumstances denied him a trial by jury. They are, first, that he was influenced by the State's Attorney and the court to change his plea of not guilty to one of guilty and to thus forsake a valid legal defense; second, that he was removed from the jurisdiction of the court, before he could make a motion to withdraw his guilty plea, with such dispatch that he was denied due process of law; and, third, that, having heard his defense in the hearing on mitigation and aggravation, the court should have withdrawn the plea of guilty *sua sponte*. The specific rule of law and procedure advanced by plaintiff in error in support of his contentions is best summarized in *People* v. *Jameson*, 387 Ill. 367, as follows: "The rule has often been announced in this State that permission to change a plea of guilty to one of not guilty is a matter within the discretion of the trial court and this discretion will not ordinarily be disturbed unless it appears that the plea of guilty was entered on a misapprehension of the facts or of law, or in consequence of misrepresentation by counsel or the State's Attorney or someone else in authority, or the case is one where there is doubt of the guilt of the accused, or where the accused has a defense worthy of consideration by the jury and the ends of justice will be better served by submitting the case to a jury." (See, also,

*Krolage* v. *People*, 224 Ill. 456; *People* v. *Kurant*, 331 Ill. 470.) The rule is based on the favor the law shows for a trial by jury on the merits, and in its application we have normally held that the least surprise or influence causing a defendant to plead guilty, when he has any defense at all, should be sufficient cause to permit a change of the plea from guilty to not guilty. However, where a defendant fully understands the nature of the proceedings and seeks to withdraw his plea because the punishment meted out is heavier than he supposed it would be, the foregoing rule has no application. *People* v. *Lavendowski,* 326 Ill. 173; *People* v. *Jankowski,* 339 Ill. 558; *People* v. *Johnson,* 345 Ill. 352; *People* v. *Kleist,* 311 Ill. 179; 14 Am. Jur. 962, sec. 287.

So far as we are able to determine, the rule on which plaintiff in error relies has been applied in this State only where a defendant has made a timely motion to withdraw his plea of guilty and has presented grounds entitling him to relief. No such motion was filed in the instant case, and it is inferred that plaintiff in error was removed from the jurisdiction of the court with such dispatch that he was unable to make a motion, and was thus denied due process of law. This argument has not been pursued in his brief nor have the factual elements relating to the time involved been set forth in the brief or abstract. This court will not search the record to find support for the argument, and we presume, since plaintiff in error has held to the point so lightly, that there was nothing irregular in his transfer to the penitentiary.

Plaintiff in error places his chief reliance on the argument that the trial court should have withdrawn the plea of guilty on its own motion. While we do not find that the problem has been previously discussed by this court, or that this jurisdiction has a statute which imposes such a duty on a court, we believe it follows that a court may set aside or withdraw a plea of guilty, on its own motion

and without the consent of a defendant, in cases where the evidence shows that the defendant is insane, or under some similar disability, or where the court has good reason to doubt the truth of the plea, or where it is affirmatively shown that the plea of guilty was induced by some promise on the part of the State's Attorney or others in authority, or where it is obvious that a defendant has been misinformed as to his rights. Substantially, this has been the view in jurisdictions where the issue has arisen. See 22 C.J.S. Criminal Law, sec. 421b(4).

It is apparent that the record here does not present such an extreme case so as to make the court's failure to act *sua sponte* an abuse of discretion. In the absence of positive evidence, it does not follow, as plaintiff in error contends and interprets the procedure, that promises and undue influence necessarily accompanied the State's Attorney's recommendation. The record lends itself just as readily to the conclusion that the plea of guilty was an attempt by plaintiff in error to throw himself on the mercy of the court in anticipation of a lighter sentence. It is elementary that a court is not bound by the recommendation of a State's Attorney, and we find nothing, as plaintiff in error suggests, in the remarks or conduct of the court which can be interpreted even tacitly as an indication that it intended to be bound by the recommendation. The detailed and thorough admonishment and the lengthy and formal hearing of evidence in mitigation and aggravation bespeak the attitude of the court toward the recommendation and afford little basis to say that the court influenced the plea of guilty. Before pronouncing sentence the court advised plaintiff in error that it did not intend to be bound by the recommendation, and gave him an opportunity to state any reason why sentence should not be given, yet plaintiff in error remained mute. The court fully discharged its duty and in so doing exerted neither influence nor surprise.

In the absence of influence or surprise, it is our further opinion that the alleged defense of consent, which plaintiff in error waived by his plea of guilty, is not of such a worthy nature as would, in the interest of justice, require the court to set aside the plea of guilty and cause the issue to be heard by a jury. The record shows that the so-called consent, if it was indeed given, was obtained by the intimidation and show of force exhibited by the four defendants against the prosecutrix and her husband at a late hour in a deserted countryside. In addition, by plaintiff in error's own testimony, his actions in concert with the others led to the forcible rape of the prosecutrix by one of his codefendants, which is sufficient to sustain the charge of rape against the plaintiff in error. *People* v. *Marx,* 291 Ill. 40; *People* v. *Mosher,* 403 Ill. 112.

The record in this case shows that the plaintiff in error was fully and painstakingly advised of the effect of his plea of guilty and of the punishment which could be given him under such a plea, yet he persisted in the plea despite the court's admonition. Where the accused, with full understanding, pleads guilty to an indictment, it is discretionary with the court whether the plea will be permitted to be withdrawn and a plea of not guilty substituted therefor. The mere fact that an accused, knowing his rights and the consequences of his act, hoped or believed that he would receive a shorter sentence or milder punishment, or some other favor, by entering a plea of guilty, than that which might be his lot after trial and conviction by a jury, presents no ground for the withdrawal of the plea of guilty. (*People* v. *Bonheim,* 307 Ill. 316; *People* v. *Ensor,* 319 Ill. 255.) The court's acceptance of the plea of guilty, and its failure to set it aside of its own motion, did not operate as a denial of due process of law, in face of plaintiff in error's full understanding of its consequences.

For his next assignment of error, plaintiff in error urges that the judgment of conviction was entered against

him in the chambers of the court, in a secret session, in derogation of the provisions of our constitution and Criminal Code which afford him the right of a public trial in open court. To reiterate briefly, it appears that just prior to the time the court entertained plaintiff in error's motion to alter his plea, the courtroom was filled with those jurors already selected and with an additional panel of fifty persons who had been summoned for jury service. Rather than asking those persons to leave the courtroom when the motion to withdraw the plea of not guilty was advanced, the court, as a matter of expediency, requested that the parties withdraw to "the *little courtroom*" and that the jurors and prospective jurors remain in the main courtroom. Nothing was said to exclude the public or other interested persons from attending the session outside the presence of those who were jurors, and the court's remarks were directed solely to those who were or might be members of the jury. The use of the term "courtroom," in the judge's announcement, would indicate to the public that they were invited and that the hearing was to be a public one in open court. We find no merit to this contention.

Plaintiff in error presents some argument that the heavier sentence imposed on him was due to prejudice of the court, when the court took judicial notice of the fact that he had previously been arrested for rape, had pleaded guilty to disorderly conduct, and paid a small fine. This the court was entitled to do in considering matters in mitigation and aggravation. Plaintiff in error's role of being the oldest of the defendants, the first to accost the prosecutrix and her husband, the driver of the car, and the first to attack the prosecutrix, were all matters which were properly taken into consideration by the court, and leave little room for an argument that the sentence stemmed from prejudice.

We have thoroughly examined the record, and, from our examination, find that the court fully discharged its

158

duties toward the plaintiff in error and that the latter received a fair hearing on matters in aggravation and mitigation. We find nothing in the record made which can be interpreted as denying plaintiff in error due process of law, or as constituting an abuse of discretion.

The judgment of the circuit court of Will County is affirmed.

*Judgment affirmed.*