(No. 35290.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY LEE BALDRIDGE, Plaintiff in Error.

*Opinion filed September 29, 1960.*

MILLER & HOLDEN, of Sterling, for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and CARL A. SWANSON, JR., State's Attorney, of Sycamore, (FRED G. LEACH, and JIM D. KEEHNER, Assistant Attorneys General, and JAMES E. BOYLE, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, Harry Lee Baldridge, was indicted in the circuit court of DeKalb County for the crime of wilfully, maliciously and feloniously setting fire to a public building. (Ill. Rev. Stat. 1957, chap. 38, par. 51.) He was subsequently sentenced to the penitentiary for a term of four to eight years upon a plea of guilty, and now prosecutes this writ of error for review.

Facts pertinent to his present contentions show that defendant entered a plea of not guilty when arraigned, and that the public defender was appointed to defend him. Subsequently, a trial was commenced and, after the selection of a jury had been completed, the court, in the presence of defendant, the public defender and an attorney of defendant's choice, identified defendant and his counsel to the jurors and advised them the charge against de-

fendant was "that on the 27th day of August, 1958, the defendant did then and there wilfully, maliciously and feloniously set fire to a certain building, to-wit: The City Hall Building located at South Second Street, DeKalb County, Illinois, then and there the property of the City of DeKalb, a Municipal Corporation." Immediately thereafter, court was recessed for lunch.

When the trial was resumed in the afternoon, the court addressed defendant outside the presence of the jury, as follows: "The State's Attorney and your own counsel have informed me there is under consideration a possibility of your entering a plea of guilty to the indictment upon which you are now on trial, and that on your motion, the other two cases, misdemeanor indictments, would be continued until you have served your time on this case, and that then you would enter pleas of guilty on the other two indictments and be sent to Vandalia. And on the pending indictment, the State's Attorney is prepared to recommend a sentence of two to four years. I, simply, before you decide to do that, want to explain to you that the recommendation of the State's Attorney is not binding on the court; that the Court might accept the recommendation of the State's Attorney and follow it or he might give you some other and greater sentence. When somebody pleads guilty, it is the duty of the Court to admonish them as to the consequences and to hear evidence in aggravation and mitigation as to the offense involved and also the prior record and be fully informed on that before passing sentence, and I am not in the position of where I can give you any sentence one way or the other but you should know that before you change your plea." At the conclusion of these remarks court was recessed upon request of defendant's counsel to permit them to confer with their client.

Upon their return to the courtroom, defendant's counsel moved to withdraw the plea of not guilty previously entered and to substitute a plea of guilty. Defendant indi-

cated to the court that such request conformed to his wishes. Admonishing defendant as to the consequences of a guilty plea, the court advised him of his rights to jury trial, to counsel of his choice, to confrontation of his accusers and the summoning of witnesses, and then said: "You understand your rights, the nature of the charge against you and that the court may fix, on your plea of guilty to this charge, a minimum of one and a maximum of ten years in the penitentiary. Do you understand that?" When defendant answered that he did understand and stated that he still wished to enter a plea of guilty, the court inquired if any promises had been made to defendant to induce such a plea and, upon receiving a negative answer, continued as follows: "Well, with that understanding the court grants leave for you to withdraw your plea of not guilty and enter a plea of guilty. To enter a plea of guilty to the indictment in the cause now on trial, being No. 58-267." Defendant again indicated this was what he wished to do, and the court stated: "The court accepts your plea of guilty which is ordered recorded, and the court adjudges you guilty of the crime charged in the indictment."

Thereafter, the jury was discharged, evidence in aggravation and mitigation was heard, and the State's Attorney recommended to the court that defendant be punished by imprisonment for a term of two to four years. The court, however, stated it could not accept the recommendation in view of defendant's record of previous convictions, and imposed a sentence of four to eight years in the penitentiary. Upon motion of the State's Attorney, two misdemeanor indictments pending against defendant, the nature of which is not revealed in this record, were continued generally.

Seeking reversal, defendant first contends that the court failed to fully admonish him of the consequences of his plea of guilty as required both by the Criminal Code and Rule 26(3) of this court, with the result that such plea was not understandingly and knowingly made. Based upon

*People* v. *Washington,* 5 Ill.2d 58, which we find is not controlling on its facts, defendant asserts that the admonishment was deficient in that the court did not explain the nature of the charge against him. Manifesting that the purpose of the statute and the rule is to insure that a plea of guilty is knowingly and understandingly made, and that compliance must be tested under the circumstances of each individual case, we said in *People* v. *Flathers,* 414 Ill. 486, at 490: "While it is important and essential that all the requirements of the rule be carefully complied with, the remarks and advice of the court must nevertheless be read in a practical and realistic manner. If an ordinary person in the circumstances of the accused would understand them as conveying the information contemplated by the rule, they must be held to have adequately complied therewith." (See also: *People* v. *Domico,* 15 Ill.2d 590.) Here defendant had already gone to trial on the charge to which he pleaded guilty, and the trial was interrupted to permit him to make such plea. But a short time before he elected to pursue such course, and while he and his counsel were present, the court had advised the jury of the exact nature of the charge against defendant. Under these circumstances, together with the other elements of the court's admonishment, defendant's conference with his counsel and his assurances of understanding to the court, we are of the opinion there can be no doubt but that defendant knew and fully understood both the charge to which he was pleading guilty and the consequences attending his plea.

Contention is next made that the court's acceptance of the plea of guilty denied defendant due process of law under the circumstance that he was in part influenced to make it by the agreement of the State's Attorney to recommend a sentence of two to four years. While it was held in *McKeag* v. *People,* 7 Ill.2d 586, that the failure of a prosecutor to make an agreed recommendation operated to deprive an accused of substantial rights, the record in this

case shows that the State's Attorney carried out his agreement and did in fact recommend to the court the lighter sentence. Clearly, the fact that the recommendation was not followed is no basis for a claim of deprivation of rights, (*People* v. *Hancasky,* 410 Ill. 148; *People* v. *Ensor,* 319 Ill. 255,) and when it is considered that the court, prior to the time the plea of guilty was entered and accepted, expressly advised defendant it would not necessarily be bound by such recommendation, it can hardly be said that defendant was the victim of misrepresentation, misleading inducement or improper conduct. What does appear, rather, is that defendant, with full understanding and the advice of his counsel, took a calculated risk that the punishment meted out by the court might be less severe than he would receive upon a trial before a jury. That the punishment imposed was not what he hoped or believed it would be affords no basis for defendant to repudiate his own acts and agreements, or to impute improper motives to the State's Attorney. In light of defendant's full understanding of the consequences of his plea, and his knowledge that the court was not bound by the recommendation, no denial of due process may be said to have occurred.

For reasons more fully stated in *People* v. *Clavey,* 355 Ill. 358, this court has found that the crime defined in section 16 of division I of the Criminal Code, (Ill. Rev. Stat. 1957, chap. 38, par. 51,) the section under which defendant was charged, is not the crime of arson. Returning to the record of the present case for the moment, it appears that some person unknown endorsed the word "arson" on the indictment, and that the clerk of the court, in expanding the common-law record, likewise stated that the indictment charged arson, and that defendant had been adjudged guilty of arson. Because of these circumstances, and patterned after the *Clavey case,* defendant contends (1) that his plea of guilty is a nullity inasmuch as he was

adjudged guilty of arson upon an indictment which does not charge the crime of arson, and (2) that it was error for the court to accept the plea of guilty when it was obvious that defendant had a good defense to the crime of arson.

We find no merit to these claims. It has been repeatedly held that an endorsement is no part of the indictment, that it has no effect on the charge laid, and that a defendant may be convicted of any crime with which he is properly charged within the body of the indictment, even though it not be endorsed on the face thereof. (*People* v. *Duden,* 3 Ill.2d 16; *People* v. *Mulrenin,* 415 Ill. 123; *People* v. *Woodward,* 394 Ill. 433; *People* v. *Sobucki,* 387 Ill. 358.) Here it is uncontroverted that the body of the indictment properly charged defendant with the crime of burning defined in section 16 of division I of the Criminal Code.

Nor, under the record before us, do the errors committed by the clerk in expanding the record require a reversal. The transcript of proceedings reflects that the plea of defendant, as well as the judgment of the court, was "guilty of the crime charged in the indictment." Moreover, the court advised defendant that the punishment for the offense to which he was contemplating a plea had been fixed at a minimum of one and a maximum of ten years in the penitentiary. (See: Ill. Rev. Stat. 1957, chap. 38, par. 51.) The prescribed limits for the crime of arson are, on the other hand, a minimum of one and a maximum of twenty years. (Ill. Rev. Stat. 1957, chap. 38, par. 48.) We have frequently pointed out that the statute controlling pleas of guilty does not require that the offense whereof a defendant stands convicted be described in the judgment, (*People* v. *French,* 387 Ill. 16; *People* v. *Hartsig,* 249 Ill. 348,) and that plea of guilty by the defendant admits all of the elements of the crime with which he is legally charged. (*People* v. *Claybrooke,* 15 Ill.2d 586; *People* v. *Hurt,* 8 Ill.2d 491.) The crime legally charged in this

case was not arson, but the crime of burning a building as described in section 16 of division I. It was to this crime that the defendant pleaded guilty, and it was of this crime that he was adjudged guilty. The insertion of the term arson in the judgment by the clerk was unnecessary and superfluous and may be disregarded. Cf. *People* v. *French,* 387 Ill. 16.

The judgment of the circuit court of DeKalb County is affirmed.

*Judgment affirmed.*

END OF VOLUME.