THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLIFFORD DICKINSON, Defendant-Appellant.

(No. 11879;

Fourth District—August 9, 1973.

James M. Drake, of Springfield, for appellant.

Richard A. Hollis, State's Attorney, of Springfield, and James W. Jerz and Edward N. Morris, of Model District State's Attorneys Office, of Elgin, for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The grand jury returned an indictment which charged defendant as having "knowingly possessed a controlled substance, namely secobarbital, in a quantity less than 200 grams", in violation of Illinois Revised Statutes, 1971, ch. 56½, par. 1402(b). On November 1, 1971, defendant was arraigned and pleaded not guilty. Subsequently, defendant withdrew his plea and entered a plea of guilty pursuant to plea negotiations between defense counsel and the state's attorney, who stated that the State would take no position upon defendant's motion for probation. After admonishing defendant under Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402), the trial court entered judgment on the plea. Probation was granted for a period of three years, the first six months were to be spent at the Illinois State Penal Farm at Vandalia.

On appeal, defendant contends that an excessive sentence was imposed; that the state's attorney violated his agreement to stand mute at the probation hearing; that sentence was imposed for distribution rather than possession of seconal; and that the trial court failed to sufficiently admonish defendant of the consequences of his plea in accordance with Supreme Court Rule 402. The charges arose from an incident occurring behind a Springfield bowling alley on August 27, 1971. Police received a "tip" that drug transactions were taking place in that vicinity and discovered defendant behind a bush. Seconal was discovered in defendant's possession.

■■ Defendant asserts that the sentence imposed was excessive. Defendant was granted three years probation with the first six months to be served in Vandalia. Under the former provisions of the Criminal Code, probation could be conditioned on serving a period of imprisonment. (Ill. Rev. Stat. 1971, ch. 38, par. 117—2(b)(1).) However, the Unified Code of Corrections, which became effective January 1, 1973, specifically prohibits "split" sentences. (Ill. Rev. Stat., ch. 38, par. 1005—6—3.) In *People v. Lobb,* 9 Ill.App.3d 650, 653, 292 N.E.2d 750, this court noted that chapter 38, paragraph 1008—2—4 provides that "if the prosecution of an offense has not reached the sentencing stage or 'a final adjudication', then for purposes of sentencing, the sentences under the Code of Corrections apply if they are less than under the prior law upon which the prosecution was commenced. (See also *People v. Chupich,* 53 Ill.2d 572, 295 N.E.2d 1.) Here, the sentence should comply with the new sentencing provisions; thus, the cause is remanded to the circuit court to modify the order of probation to eliminate the condition of imprisonment. See *People v. Haynes,* 10 Ill.App.3d 923, 295 N.E.2d 354.

■■ A related issue pertains to the length of the probation period allow-

able under the new Code. At the time defendant entered his plea, probation could be granted for a period of not less than six months and not to exceed 5 years with no distinction being made between a felony and a misdemeanor. For good cause it could also be extended for 2 years (ch. 38, par. 117—1). The Unified Code of Corrections specifies that for a felony probation shall not exceed 5 years and that for a misdemeanor it shall not exceed 2 years. (Ill. Rev. Stat., ch. 38, par. 1005—6—2(b).) A violation of paragraph 1402(b) of the Controlled Substances Act is classified as a Class 3 *felony* under the new Code with penalty provisions set out at paragraph 1005—8—1(b)(4). Formerly, the statute provided for imprisonment in a penal institution other than a penitentiary for not more than 1 year or in the penitentiary from 1 to 8 years, and fined not more than $15,000. (Ill. Rev. Stat., 1971, ch. 56½, par. 1402(b).) In *People v. Novotny*, 41 Ill.2d 401, 244 N.E.2d 182, the court considered the question of whether the offense of aggravated battery constituted a felony or a misdemeanor. At page 403 of the opinion, the court stated that "* * * the presence of the alternative penalty of imprisonment other than in the penitentiary rendered the offense a misdemeanor." Thus, defendant was sentenced on a misdemeanor charge. (See also *People v. McGreal*, 4 Ill.App.3d 312, 278 N.E.2d 504.) Although under the former provisions of the Criminal Code, probation was not defined as a "sentence", under the Unified Code it is referred to as such (ch. 38, par. 1005—6—1(b)). Thus, in keeping with the opinions in *Lobb* and *Chupich*, the probation period here should conform to the Code provisions. The cause is remanded to the trial court to modify sentence in keeping with the Code.

■■ Defendant's second contention is that the state's attorney failed to abide by the terms of the plea negotiations and that defendant's plea should therefore be vacated. Clearly, if defendant's guilty plea is adduced by an unfulfilled promise by the prosecutor, the plea of guilty is invalid. (*People v. Mitchell*, 46 Ill.2d 133, 262 N.E.2d 915; *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427.) At the time defendant entered his guilty plea, the state's attorney stated to the court that he would "stand mute" and take no position whatever on defendant's motion for probation. At the probation hearing, the state's attorney extensively cross-examined defendant concerning the circumstances of his arrest. The state's attorney abided by the terms of his promise not to take a stand on the subject of probation; however, the prosecutor insured that ample information would be available to the trial court on the matter of sentencing. This is not a case in which the state's attorney fails to abide by his promise to defendant. Furthermore, although the defendant was represented by counsel at all stages of the proceedings, no

objection was made to the questioning of the state's attorney. It is an accepted principle of law that an issue not raised in the trial court cannot be raised for the first time on appeal. *People v. McAdrian*, 52 Ill.2d 250, 287 N.E.2d 688.

■■ Defendant further contends that the lower court imposed sentence on the sale of a controlled substance rather than on possession of such. Questioning of the defendant during the probation hearing revealed that he had sold seconal to a younger boy. In entering sentence, the trial court stated:

> "* * * and as a final condition of probation and because of the probation department's recommendation and due to the fact that a fifteen-year-old was involved, the defendant shall spend six months in the Penal Farm at Vandalia, * * *."

Defendant cites this as evidence that the trial court was considering paragraph 1411 of the Controlled Substances Act which allows the court to consider as an aggravating circumstance the manufacture or delivery of controlled substances to persons "3 years or more junior to the person[s] convicted under this Act." A review of the record does not support the conclusion that the trial court considered improper evidence in sentencing defendant. In *People v. Daugherty*, 106 Ill.App.2d 250, 245 N.E.2d 7, we discussed the desirability of the sentencing court having the fullest possible information as to the defendant prior to imposing sentence.

■■ Finally, defendant argues that he was not admonished of the minimum sentence in accordance with Supreme Court Rule 402 in that he was not informed of the possibility of probation for first offenders under paragraph 1410 of the Controlled Substances Act. This section provides that the court without entering judgment of conviction may impose probation, the successful completion of which results in the dismissal of the proceedings against defendant. Failure to specifically admonish on this matter does not vitiate the plea under Rule 402. In view of the necessity of remand to the trial court, this issue need not be discussed here.

The cause is remanded to the circuit court of Sangamon County for proceedings consistent with the views expressed in this opinion.

Affirmed and remanded with directions.

TRAPP and SMITH, JJ., concur.