THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILFORD BOYD, Defendant-Appellant.

(No. 74-95;

Third District—June 12, 1975.

James Geis and Mark Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

CHARGE

Aggravated battery in violation of section 12—4(b)(1) of the Criminal Code (Ill. Rev. Stat., ch. 38, par. 12—4(b)(1)), a Class 3 felony.

JUDGMENT

On defendant's plea of guilty, the court imposed a sentence of 2 to 6 years.

POINTS RAISED ON APPEAL

Defendant's guilty plea was rendered involuntary by the unfair manner in which the State's attorney executed his promise to recommend a sentence of 1 to 3 years. It was done with such lack of advocacy as to have been a meaningless formal gesture not in compliance with good faith requirements that plea bargaining presupposes. The absence of fairness which vitiates the bargain is objectively demonstrated by the fact that while supposedly advocating imposition of a minimum sentence the State's attorney was demonstrating his true feelings as to the impropriety of that recommendation by "parading" a "procession" of five witnesses before the court for "aggravation purposes" at the sentencing hearing.

FACTS

When the cause was called for trial, defendant, by counsel, repre-

sented to the court that pursuant to an agreement with the State's attorney wherein the latter promised to recommend a sentence of not less than 1 year nor more than 3 years, defendant wished to withdraw his "not guilty" plea and to enter a plea of "guilty." The assistant State's attorney confirmed these terms of the negotiated plea. Before accepting the change of plea, the court stated to defendant in seven different ways that it had not participated in the negotiations, was not bound by them or by any recommendations of the State's attorney, and did not have to follow them, and in imposing sentence would be guided "solely by the evidence" it would hear at the sentencing hearing and could impose a sentence of "three to five" or "two to six" or "three to nine," depending on the circumstances. On six occasions, defendant stated that he understood this, and then stated that he still wanted to plead guilty, and also that he was doing so voluntarily, and that he was 27 years of age. He also asserted that although he did not, by reason of his intoxication at the time, remember committing the offense, he was certain that the charge against him was correct and that the State would be able to prove it. The court thereupon accepted the plea. There having been no waiver by defendant, the cause was continued for a presentence investigation pursuant to section 5—3—1 of the Unified Code of Corrections (Ill. Rev. Stat. ch. 38, par. 1005—3—1).

Thereafter, a sentencing hearing was held on March 25, 1974. The State called the victim, 16-year-old Debra Jain, Ronald Davis, an employee of the tavern where defendant was arrested, and police detective Marshall Deschand, a witness to defendant's written statement. Defendant testified on his own behalf that because of his intoxication at the time he did not know what he was doing. He also called Merrill Ervin, for corroboration. At the conclusion of this testimony, the court stated:

"I will tell you one thing * * *. I am continuing this hearing and tomorrow morning at 9:30 I want to hear the [arresting] police officer[s] tell me what * * * [defendant's] condition was at that time. I am asked to buy the proposition * * * [defendant] * * * was intoxicated—so intoxicated he didn't know what he was doing. That is what I am asked to buy and I haven't bought it. I don't know what these police officers have got to say about it and I want to know * * *."

On the following day the court heard the testimony of the arresting police officers, Floyd Reynolds, Steven Williams, and Thomas Born. After both sides rested the State's attorney stated that the circumstances indicated that a sentence of imprisonment should be imposed and as to the length of that term commented:

"I am aware that the record shows that * * * the plea of

guilty * * * was upon an agreement [from my office] to recommend a term of one to three years, and therefore in conformity * * * [therewith] * * * I will make a recommendation of one to three years in the Penitentiary."

Thereafter, the court stated as follows:

"Well, gentlemen, I remember well that the State and Defense stated they had negotiations and that the recommendation was one to three years. I also remember very well that I told the Defendant I was not bound by that recommendation or any recommendation the State might make and that he could not depend upon me giving him one to three. I told him that I would make my sentence based upon what I heard in the Presentence Hearing and it could be more than one to three.

In this case there are no doubts about the fact that this young lady was going to work minding her own business and this defendant pushed her with a knife in his hand. She offered him her purse. He didn't want the purse. He wanted her to go with him. Now, I think I am a reasonable man and I think I can understand he wanted something * * * other than the purse that she had. The young lady had a good reason to be frightened. She broke away and she ran and he chased her and cut her with a knife. That showed a complete disregard for the welfare of others. He could just as well have cut her with that knife—cut an artery and put her in danger of bleeding to death. He is very fortunate and she is very fortunate that did not happen. What happened was serious enough. The Defendant has told me he doesn't remember what happened. I don't blame him for saying that. I would probably say the same thing if I were in his position. He didn't want to remember what he did. But, the evidence is clear that while he may have been drinking and he may have been slightly or somewhat under the influence of liquor, he was not so intoxicated that he lost the use of reason.

Police officers observed him walking. He walked straight. Sergeant Reynolds observed him driving his car and saw nothing wrong with the manner in which he drove his car, nor in the manner in which he parked the car. All that indicates to me the Defendant was in complete control of his faculties—knew what he was doing—and was responsible for his actions."

The court then set out its reasons for imposing more than a minimum of one year.

OPINION

■■ A prosecutor's sentencing recommendation is not binding on the court. (*People v. Baldridge*, 19 Ill.2d 616, 169 N.E.2d 353 (1960); *People v. Wright*, 21 Ill.App.3d 301, 314 N.E.2d 733 (5th Dist. 1974).) If a prosecutor fulfills a promise to recommend a certain sentence after a defendant pleads guilty, the plea is not rendered involuntary by the fact that the court imposes a more severe sentence. (*People v. Baldridge.*) If, however, a plea of guilty has been made in reliance upon a promise of the State to recommend to the court a lesser sentence than that imposed, and the promise by the State was unfulfilled, then the plea is not a voluntary one and may be withdrawn even though the State's recommendation, had it been made, would not have been binding on the court. (*People v. Pier*, 51 Ill.2d 96, 281 N.E.2d 289 (1972); *McKeag v. People*, 7 Ill.2d 586, 131 N.E.2d 517 (1956).) Unlike the facts in *Pier* and *McKeag*, defendant concedes in the case at bar that the recommendation bargained for was in fact made by the State, at least formally, but complains that its ineffectiveness was attributable to the conduct of the State's attorney which indicated to the court that he did not really advocate it. The record does not support that conclusion.

■■ It is clear that the defendant was fully aware that the prosecutor's recommendation would not be binding on the court. The court stated to defendant several times before accepting his plea that in imposing a sentence, it would be guided "solely by the evidence" at the sentencing hearing. Having been warned that the State's recommendation was not binding and would be ineffective if not in conformance with the judge's conclusions from evidence at the sentencing hearing, defendant nonetheless persisted in his plea, believing, we must suppose, that the court might give some consideration to the prosecutor's recommendation. At the sentencing hearing, defendant testified in mitigation to the effect that by reason of his intoxication he was not aware of what he was doing. It was the court and not the prosecutor who stated that he was unpersuaded and who then called for the testimony of the arresting police officers as to the condition of defendant at the time. No argument is made that the court acted improperly under the circumstances in calling for such additional witnesses. In view of the court's directive, the State's attorney acted properly in calling them. His promise to make a recommendation of sentence may not be fairly construed as a promise to disregard the court's directive or to conceal evidence called for by the court.

■■ Plea bargaining has been recognized as an essential and desirable component of the administration of justice which presupposes fairness

on the part of both the accused and the prosecutor. (*People v. White,* 5 Ill.App.3d 205, 282 N.E.2d 467 (3d Dist. 1972).) It was also observed in the same case that to preserve it as an effective tool, a bargained plea fairly entered must be enforced against both parties. "That the punishment imposed was not what [defendant] hoped or believed it would be affords no basis for defendant to repudiate his own acts and agreements, or to impute improper motives to the State's Attorney." *People v. Baldridge,* 19 Ill.2d 616, 622, 169 N.E.2d 353, 356.

The judgment of the circuit court is affirmed.

ALLOY and STENGEL, JJ., concur.