THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MICHAEL BROOKS, Defendant-Appellant.

First District (5th Division)    No. 77-256

Opinion filed November 10, 1977.

James Geis and Andrew Berman, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Myra J. Brown, and Armand L. Andry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:
Defendant pleaded guilty to armed robbery in violation of section 18—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 18—2) and was sentenced to a term of four to 12 years. On appeal he contends that

the State failed to honor its agreement to recommend the minimum sentence at his hearing on aggravation and mitigation.

Defendant was charged with armed robbery (Ill. Rev. Stat. 1975, ch. 38, par. 18—2) and entered a plea of not guilty. On January 26, 1976, he dismissed his privately retained counsel because he had sought a continuance which jeopardized defendant's 120-day term. Two days later the court appointed a public defender to represent defendant. On February 2, 1976, after a jury had been empaneled, defendant informed the court that he wished to retain private counsel and asked for a continuance, which was denied. After contacting another attorney who declined the case, defendant told the court that he would change his plea to guilty if the State would agree to recommend a sentence of four years to four years and one day. The Assistant State's Attorney agreed and noted for the record that this agreement was pursuant to a discussion between himself and defendant's attorney. Counsel for defendant then stated that he had explained the options to defendant and defendant had decided to plead guilty. Thereafter, the court repeatedly warned defendant that it was not bound by the State's recommendation and that it would "probably be moving off of that recommendation" as well as giving him "a spread" between his minimum and maximum sentence. The court also informed defendant of the rights he was waiving by his change in plea. After a factual basis for his guilty plea was established the court entered judgment on both counts, but deferred sentencing pending a presentence report and a hearing in aggravation and mitigation.

Prior to sentencing defendant filed two motions to vacate his guilty plea, alleging in each that he was prejudiced by his inability to obtain counsel of his choice. Following a hearing on January 17, 1977, the court denied both motions. Arguments were then held in aggravation and mitigation during which the Assistant State's Attorney made the following remarks:

"Judge, what Counsel suggests is true. * * * [W]e did recommend in exchange for the defendant's plea of guilty * * * [ a sentence of] four years to four years and a day.
* * *

With respect to the State's recommendation, we would only ask your Honor to take into consideration * * * how the State's recommendation was treated by the defendant and that is by thereafter deciding to file his motions to vacate his plea.

Again, the defendant can't have it both ways. He can't get a concession from the State as far as a plea and a recommendation and then when it sounds like that that may not be the situation, and

in light of your Honor's remarks and admonishments regarding a blind plea, to try to get out of it."

The Assistant State's Attorney also asked the court to consider the circumstances of the crime and the fact that defendant was on parole, in deciding defendant's sentence.

Following remarks in mitigation, the court sentenced defendant to concurrent terms of four to 12 years on both counts. Thereafter, the court advised defendant of his right to petition the trial court for leave to withdraw his guilty plea, warning him that any appeal from a denial of his petition would be limited to the reasons stated in his petition. The court then added, "Likewise, you could also appeal the question of the sentence * * *."

On January 27 the court appointed, at defendant's request, a public defender to represent him on appeal. When asked by the court whether he had to file notice of appeal himself, the court told defendant he did not. It then advised him to direct further inquiries to the Public Defender's office.

OPINION

Preliminarily, the State contends that defendant's appeal should be dismissed. It argues citing *People v. Stacey* (1977), 68 Ill. 2d 261, 369 N.E.2d 1254, that defendant failed to comply with Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)). Rule 604(d) provides that:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. * * * Upon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived."

Here, defendant filed both of his motions to withdraw his guilty plea prior to sentencing and neither raised the issue now argued on appeal.

Although defendant failed to comply with Rule 604(d), unlike in *Stacey*, defendant here was not adequately advised of the dictates of this rule as required by Supreme Court Rule 605(b) (Ill. Rev. Stat. 1975, ch.110A, par. 605(b)). Rule 605(b) provides "In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows: (1) That he has a right to appeal; (2) That prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment

vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion."

■■ Here the court's directions were, at best, ambiguous. After advising defendant of his right to file a petition for leave to withdraw his guilty plea and to appeal a denial of his petition, the court stated that he could also appeal his sentence. This left the distinct impression that defendant could appeal his sentence alone without first filing a motion to withdraw his guilty plea. The court reinforced defendant's misapprehension when on January 27, 1977, it told him that the public defender would file defendant's notice of appeal despite the fact that no motion to vacate his guilty plea had been filed. Accordingly, we will consider the merits of defendant's argument. See *People v. Williams* (1974), 59 Ill. 2d 243, 320 N.E.2d 13; *People v. Brown* (1973), 54 Ill. 2d 25, 294 N.E.2d 267.

Defendant, citing *Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495, contends that this cause should be remanded for resentencing because the State failed to honor its agreement to recommend the minimum sentence, reached in exchange for his guilty plea. Although defendant concedes that the State informed the court of the agreed recommendation during defendant's hearing on aggravation and mitigation, he argues that the State went on to highlight a number of prejudicial factors implying the court should reject its recommendation. He concludes that his longer sentence is directly attributable to the qualified recommendation of the State.

■■ We disagree. In *Santobello* the State, after agreeing to make no recommendation as to sentence, recommended the maximum penalty at defendant's sentencing hearing. Here, however, the State, as defendant concedes, informed the court of the agreed recommendation. Moreover, we note that throughout the colloquy between the trial court and defendant, regarding defendant's change in plea, the court repeatedly admonished him that it was not bound by the recommendation of the State. The court also told him it would probably give him a higher sentence, which would include "a spread" between his minimum and maximum sentence. Consequently, even if the remarks made in aggravation were not in keeping with the spirit of the agreement, this circumstance persuades us that defendant's sentence should not be disturbed. *People v. Huff* (1970), 45 Ill. 2d 186, 191, 258 N.E.2d 356, 358; see also *People v. Boyd* (1975), 29 Ill. App. 3d 185, 329 N.E.2d 822.

■■ Finally, we note that defendant failed to object to the State's remarks in aggravation. Failure to object to improper comments made during a defendant's hearing in aggravation and mitigation, waives these errors on appeal. *People v. Smith* (1975), 28 Ill. App. 3d 908, 329 N.E.2d

896; *People v. Dickinson* (1973), 13 Ill. App. 3d 469, 300 N.E.2d 294.
For the foregoing reasons the judgment of the circuit court sentencing defendant to four to 12 years for armed robbery is affirmed.

Affirmed.

MEJDA and WILSON, JJ., concur.