THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARL JONES, Defendant-Appellant.

Third District    No. 79-889

Opinion filed September 17, 1980.

738

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

After pleading guilty to the offense of aggravated battery and being sentenced thereupon to a two-year term of imprisonment, the defendant, Carl Jones, instituted this appeal. Only two issues are presented for review. The first is whether the guilty plea must be vacated because the prosecutor reneged on his promise to recommend a term of probation. As a second alleged error the defendant argues that the statute allowing for the application of his bail bond deposit to reimburse the county for the expenses of the public defender incurred in the representation of the defendant is unconstitutional.

At the guilty plea hearing, the trial court ascertained the terms of the plea agreement. In exchange for the defendant's plea to count two of the information, the State agreed to dismiss count one, also a charge of aggravated battery, and to recommend a sentence of 30 months' probation, a $500 fine and 16 days in jail, which the defendant had already served. The defendant would also pay court costs. The trial court accepted the defendant's plea and ordered a presentence report.

The report indicated that the 47-year-old defendant had one prior conviction, aside from traffic offenses, which had occurred in Tennessee about 1967. Although no details were provided concerning the offense, the defendant told the presentence investigator that the conviction resulted from the defendant's shooting his girlfriend below the eye. He

stated that they had been playing with a gun, which they thought was empty, when it accidentally went off.

At the sentencing hearing, in the instant case, two State witnesses were presented in aggravation, the victim, Willie Parker, and his mother, Schuntil Parker. Willie Parker testified that on July 30, 1978, the defendant stabbed him in the left upper arm with a butcher knife. Parker and his mother were preparing to leave for church at the time and the defendant did not want them to go. Parker stressed that he had no weapon and he had not threatened anyone. He stated that he was later treated for the wound at a hospital. On cross-examination, Parker admitted that, prior to the stabbing, the defendant had accused Parker of having stolen a bicycle, an accusation which Parker denied.

Schuntil Parker largely corroborated the testimony of her son. She stated that, although she had seen her son both before and after the attack, she never saw him with any weapons. Under questioning by the trial court, Ms. Parker stated that the defendant had struck her in the jaw during the argument prior to the stabbing.

The defendant then testified in his own behalf. He described his employment history and explained that problems with his nerves resulting from the instant case had forced him to quit his most recent job.

Thereafter, the prosecutor recommended that the defendant be sentenced to a period of 30 months' probation and 16 days in the county jail, with credit for 16 days already served, and that he be fined $500. The defense concurred in this recommendation, which was that agreed upon at the time of the plea agreement. The trial court then questioned the prosecutor as to whether he had been aware of the prior Tennessee conviction when he had agreed to make such a recommendation. The prosecutor responded that he had been aware of the prior conviction at the time of the agreement. The trial court then continued the sentencing hearing in order to afford the presentence investigator an opportunity to obtain the full details concerning the prior Tennessee conviction.

When the sentencing hearing continued a month later, the State introduced a certified copy of the record of the defendant's 1968 conviction in Tennessee for the offense of assault to commit murder in the second degree. Defendant then informed the trial court that he had obtained permanent employment since he had last been in court. After counsel repeated their earlier sentencing recommendations, the sentencing hearing was again continued to permit a review of the documents in evidence.

On August 10, 1979, the trial court rejected the recommended term of probation and sentenced the defendant to a term of imprisonment of two years. The State subsequently moved for an order fixing, assessing, and executing judgment for fees and costs. The court issued an order for such

costs to be deducted from any cash bail bond, including $230 for reimbursement for the services of the public defender.

On September 10, 1979, the defendant filed a motion to vacate the plea of guilty alleging that his plea was entered under duress due to pressure from the family of the victim. Defendant further alleged that he pleaded guilty in reliance upon the representation of his counsel that the recommendation of probation would very likely be followed by the trial court.

Two witnesses testified for the defense at the hearing on defendant's motion to vacate, the defendant and Schuntil Parker. The defendant testified that, prior to his plea, he received a threat from the victim's older brother, Jimmy McDonald. The defendant took McDonald's statement to mean that, if he did not plead guilty, he would suffer physical harm at the hands of McDonald. The defendant stated that this threat led him to plead guilty. He testified that he did not inform the trial court or his attorney of this threat at the plea proceedings due to his fear of McDonald. The defendant further testified that, although his counsel had told him he could make no promises, the defendant pleaded guilty with the understanding that he would be given probation. Schuntil Parker corroborated the defendant's story concerning threats by Jimmy McDonald.

The State presented no evidence. Nevertheless, the trial court, finding that the evidence was insufficient to warrant vacation of the plea, denied the defendant's motion.

Preliminarily, concerning the issue of whether the State reneged on the plea agreement, it must be determined whether the defendant has waived the consideration of this issue on appeal by failing to object to the alleged error in the trial court and by failing to include an allegation of error concerning this issue in the motion to withdraw his guilty plea. Although the failure to object to the improper comments is a waiver of the issue for review (*People v. Brooks* (1977), 54 Ill. App. 3d 963, 369 N.E.2d 1353), the plain error doctrine (Ill. Rev. Stat. 1977, ch. 110A, par. 615 (a)), will be applied to protect the defendant where the defendant's guilty plea may have been induced by the unfulfilled promise of a prosecutor if the case is close and the remarks of the State's Attorney could have had an unfair impact on the sentencing decision. *People v. Price* (1976), 36 Ill. App. 3d 566, 344 N.E.2d 559. Compare *People v. Brooks*; *People v. Smith* (1975), 28 Ill. App. 3d 908, 329 N.E.2d 896.

■■ We do not believe the plain error doctrine need be applied in this case since no error occurred. The defendant complains of the prosecutor calling the victim and the victim's mother to testify in aggravation concerning the circumstances surrounding the commission of the offense. Since this is not evidence that the prosecutor did not fulfill his promise, we find no error merely because the prosecutor presented these witnesses.

It is also argued that the prosecutor's intent to violate the agreement

was evidenced by questions asked of Ms. Parker on redirect examination which would, apparently, relate to the count of the information which was dismissed. However, objections to these questions were sustained and the witness was not allowed to testify. As a result, the trial judge would not consider these matters in reaching a sentencing determination, the defendant did not present evidence suggesting otherwise, and they form no basis for reversal.

■■ This case does not involve a promise not to make a recommendation followed by a recommendation against probation as in *People v. Price* (1976), 36 Ill. App. 3d 566, 344 N.E.2d 559. Nor does it involve a situation where a prosecuting attorney other than the one who negotiated the plea appeared at the sentencing and indicated displeasure with the agreement. (See *United States v. Grandinetti* (5th Cir. 1977), 564 F.2d 723; *United States v. Brown* (4th Cir. 1974), 500 F.2d 375.) In the case at bar, the prosecutor twice made the recommendation agreed upon. The fact that the trial court was apprised of the nature and circumstances of the offense is not a breach of the agreement. (See *People v. Dickinson* (1973), 13 Ill. App. 3d 469, 300 N.E.2d 294.) Obviously this trial court demanded more rather than less background prior to pronouncing sentence; the prosecutor is obligated to oblige. Furthermore, if the prosecution fulfills its part of the guilty plea agreement by recommending the agreed-upon sentence, the fact that a higher sentence is imposed does not render the guilty plea involuntary, for the recommendation is not binding on the trial court. (*People v. Boyd* (1975), 29 Ill. App. 3d 185, 329 N.E.2d 822.) As a result, the plain error doctrine will not be invoked in this appeal and the issue is considered waived for purposes of review.

As for the application of the defendant's bail bond deposit to reimburse the county for expenses incurred by the public defender in representing the defendant, the Illinois Supreme Court has recently declared unconstitutional the statute allowing for recoupment. (*People v. Cook* (1980), 81 Ill. 2d 176, 407 N.E.2d 56.) Therefore, while the order of the Circuit Court of Kankakee County denying the vacation of the guilty plea is affirmed, the order of recoupment is reversed.

Affirmed in part, reversed in part.

ALLOY, P. J., and STENGEL, J., concur.