THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALFRED E. CROSBY *et al.*, Defendants-Appellants.

Fifth District   Nos. 75-264, 265, 266 cons.

Opinion filed July 9, 1976.

Ralph Ruebner and J. Daniel Stewart, both of State Appellate Defender's Office, of Elgin, for appellants.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendants, Alfred E. Crosby, John McCondichie and Vernon E. Walker, from judgments entered by the

circuit court of St. Clair County on jury verdicts finding them guilty of the charge of rape. The defendants were sentenced to terms of imprisonment of 4 to 12, 4 to 12 and 4 to 6 years respectively.

The incident briefly summarized is as follows. The prosecutrix was to report to work at 8 o'clock on the morning of March 2, 1974. After dropping her daughter off at her mother-in-law's house, she proceeded to drive through East St. Louis, Illinois. She saw three men hitchhiking and she stopped and offered them a ride. The three men were positively identified by her during the trial as the three defendants herein. In due course, McCondichie held a knife to her while Crosby took control of the vehicle and the three defendants took her to a dilapidated building. Inside the building, the prosecutrix was raped by each of the three defendants.

Subsequently, the prosecutrix identified Crosby through a mug shot. Each of the defendants were brought to the police station and interrogated, and each eventually signed a confession. Pretrial motions to suppress the confessions were denied and they were later admitted into evidence. There is no dispute by the defendants on appeal that the confessions were not voluntarily made. In addition, a pretrial motion to suppress identification was denied and, the identification is not challenged on appeal. The police obtained not only the confessions of the defendants, but also that of a fourth individual, Delbert Crosby, the brother of defendant Alfred Crosby. Upon further interrogation, each of the defendants separately stated that Delbert Crosby had not participated in the rape. On March 12, 1974, two lineups were conducted for the four individuals in which two suspects were placed in each lineup. The prosecutrix identified only the three defendants as the assailants. During the course of the trial, Crosby and McCondichie were represented by retained counsel and Walker was represented by appointed counsel.

On appeal the defendants contend that they were deprived of a fair trial because: (1) the trial judge made a prejudicial comment in front of the jury; (2) the State failed to give discovery of statements made by the defendants to an Assistant State's Attorney; and (3) there was testimony during the trial that defendant Crosby had a prior arrest.

The defendants' first contention concerns an incident in which the Assistant State's Attorney and counsel for defendant Crosby argued over the counsel's attempt to "rehabilitate" the testimony of Crosby through questions on redirect. The court stated: "Off the record I am tired of rehabilitation, but go ahead." The counsel for Crosby immediately objected to the court's remark. The court promptly stated that its comment was merely in jest and not meant to apply to any one of the defendants and that the "justices of this Appellate Court" should realize it had nothing to do with the case.

■■■ Defendant Walker's appointed counsel filed a lengthy written

post-trial motion. The motion was adopted by the counsel for defendants Crosby and McCondichie as their own and was considered as such by the trial court. The defendants failed to include in their motion the point they now seek to raise on appeal. The State argues that this point is therefore waived. We agree. As a general rule, where the grounds for a new trial are stated in writing, a defendant is limited to those errors alleged therein and is deemed to have waived all other errors. (*People v. Hairston*, 46 Ill. 2d 348, 263 N.E.2d 840, *cert. denied*, 402 U.S. 972, 29 L. Ed. 2d 136, 91 S. Ct. 1658; *People v. Pickett*, 54 Ill. 2d 280, 296 N.E.2d 184.) While a less rigid application of this waiver rule is required where the error alleged concerns the conduct of a trial judge (*People v. Sprinkle*, 27 Ill. 2d 398, 189 N.E.2d 295), we do not find that fundamental fairness requires us to relax the waiver rule under the facts of this case. The trial lasted for three days and generated 443 pages of transcript. The court's comment stands as an isolated incident within the course of the trial. The comment bears *no relation to an expression of belief or disbelief of any of the testimony heard or of the guilt of the defendants.* Although the trial court showed some displeasure with defense counsel's questioning, it attempted to cure this impression promptly and also later it instructed the jury following IPI Criminal No. 1.01. In any event, the evidence against the defendants was so overwhelming that the comment *was not a material factor influencing the defendants' convictions* and, although not to be condoned, was at worst harmless error. *People v. Thornhill*, 31 Ill. App. 3d 779, 333 N.E.2d 8.

The defendants next contend that they were deprived of a fair trial because the State failed to give them discovery of oral statements they made to an Assistant State's Attorney which he testified to in rebuttal.

The State on rebuttal presented the testimony of Assistant State's Attorney Daley who was not otherwise involved in the prosecution of the instant case. Daley testified that on March 11, 1974, he was informed by Detective Cowan that four men had confessed to a rape committed by only three individuals. He interviewed the four suspects separately and he testified that each defendant denied that Delbert Crosby had participated in the rape. He then instructed the police to put all four men in a lineup.

Originally counsel for Crosby and McCondichie filed a motion to discover the names and addresses of persons the State intended to call as witnesses and to discover any oral statements made by any of the defendants. The State had not included the name of Daley in its response. At a hearing on a motion by Crosby and McCondichie to suppress their confessions, their counsel offered to prove that Delbert Crosby would testify that he had confessed to the rape because of force exerted by Detective Cowan. This offer was rejected as having no relation to the confessions of the defendants. However during the trial, counsel for

Walker, in cross-examination of the prosecutrix, questioned her about Delbert Crosby's confession. In chambers, the State objected to any reference to Delbert Crosby's confession. Counsel for Walker argued that the confession was admissible to impeach the testimony of Detective Cowan. The court sustained the State's objection but stated that it would reconsider the ruling after Cowan testified. The State then informed defense counsel that Assistant State's Attorney Daley was therefore a possible witness. At subsequent conferences on the same subject, the prosecutor stated that he had never had any intention of calling Daley as a witness since Daley's involvement in the case was only incidental but that his testimony was now relevant since the jury had been informed of the fourth confession. Defense counsel objected to the possibility of Daley testifying, while, at the same time, defense counsel sought to introduce evidence concerning Delbert Crosby's confession. Ultimately, the court ruled that defense counsel could introduce evidence concerning Delbert Crosby's confession but that the State in turn would be permitted to call Daley in rebuttal to explain the circumstances surrounding the confession. Moreover, the court ruled that defense counsel should be given an opportunity to interview Daley. Daley was made available to the defense counsel for questioning. The record shows that counsel for Walker took advantage of this opportunity. Counsel for Walker then made an opening statement to the jury in which he mentioned Delbert Crosby's confession which he said had not implicated Walker. On cross-examination of the defendants, they each denied ever having talked to Daley. Detective Cowan was called to the stand and was extensively examined concerning Delbert Crosby's confession. Thereafter on rebuttal Daley was called.

■■ On appeal the defendants argue that the statements made by them to Daley should have been furnished to them prior to the trial. Citing section 114—10 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 114—10), they conclude that it was reversible error for Daley to have testified about their statements. The cited statutory provision, in part, requires the State on motion by a defendant to furnish a list of witnesses to an oral confession. Assuming, *ad arguendo*, that the defendants' statements constituted a confession, this provision is nonetheless inapplicable since it does not require the State to furnish the oral confession itself but only a list of the witnesses thereto. Though not mentioned by the defendants in their brief, we note that Supreme Court Rule 412(a)(i) and (ii) (Ill. Rev. Stat. 1973, ch. 110A, par. 412(a)(i) and (ii)) requires that on motion by defense counsel the State shall disclose the names and last known addresses of persons whom the State intends to call as witnesses and shall provide the substance of any oral statements made by the accused or by a codefendant, and a list of witnesses to the making and acknowledgment of such statements. Counsel for Crosby and

McCondichie had filed a motion to discover. The prosecutor represented throughout the trial that he never intended to call Daley as a witness and only changed his mind in response to defense counsel's insistence over his objection on delving into the matter of Delbert Crosby's confession. He had immediately informed defense counsel of the possibility of calling Daley when that possibility first arose. On the other hand, the defendants' statements to Daley should have been disclosed by the State in response to the discovery motion. We do not, however, believe that the trial court abused its discretion in permitting Daley to testify. The defendants do not contend on appeal that they were surprised or placed at an unfair advantage by the testimony of Daley. To the contrary, an ample opportunity was provided defense counsel to interview Daley prior to his testimony and, in fact, before the defense had presented any evidence. It appears from the record that despite defense counsel's protestations of surprise, their objections were merely technical and that they were fully aware of the nature of the testimony Daley would provide. Consequently, the purpose of discovery, to prevent surprise or unfair advantage and to aid in the search for truth, was not offended by the facts of the instant case. See *People v. Watkins*, 34 Ill. App. 3d 369, 340 N.E.2d 92.

Moreover, counsel for Walker without objection from counsel for Crosby and McCondichie, argued to the jury that the confession of Delbert Crosby exonerates Walker by its failure to mention him as a participant. Both counsel, in addition, sought to show that the defendants' confessions were involuntarily obtained by Detective Cowan through force since Delbert Crosby had also confessed after being interrogated by the detective. The defendants having thus invited an explanation of the circumstances surrounding Delbert Crosby's confession, have no cause to complain over the testimony of Daley. (*People v. Burage*, 23 Ill. 2d 280, 178 N.E.2d 389.) In any event, in view of the overwhelming evidence of guilt, the positive identification of defendants and the clear and convincing testimony by the rape victim as well as the confessions of defendants, none of which are challenged on appeal, if there was any error by the admission of Daley's testimony it was harmless.

Lastly, the defendants contend that they were deprived of a fair trial because of the admission into evidence of testimony that defendant Crosby had a prior arrest. During the direct examination by the State of a police officer, he was asked what his involvement in the case was prior to the day the defendants were arrested. The police officer answered in reference to Crosby; "\* \* \* I knew the subject involved in this because I had a prior arrest." Counsel for Crosby and McCondichie objected and counsel for Walker moved for a mistrial, both of which were overruled.

■■ The point now raised on appeal was neither assigned as error in the defendants' post-trial motion nor argued at the hearing on the motion.

Consequently, the point is waived. *(People v. Pickett,* 54 Ill. 2d 280, 296 N.E.2d 856; *People v. Irwin,* 32 Ill. 2d 441, 207 N.E.2d 76.) In any event, prior to this testimony counsel for defendant Crosby cross-examined the prosecutrix about her identification of Crosby through "mug shots" at the East St. Louis Police Station. From this testimony the jury could directly infer that Crosby had been arrested before. In light of this and the overwhelming evidence against the defendants, we are not inclined to invoke the plain error exception to the general waiver rule. Supreme Court Rule 615(a), Ill. Rev. Stat. 1975, ch. 110A, par. 615(a).

For the foregoing reasons, the judgments entered by the circuit court of St. Clair County are affirmed.

Affirmed.

KARNS, P. J., and JONES, J., concur.