THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT G. PAHLMAN, Defendant-Appellant.

Fifth District   No. 76-464

Opinion filed August 10, 1977.

Michael J. Rosborough and Phillip A. Kramer, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Patrick J. Hitpas, State's Attorney, of Carlyle (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

Defendant, Robert G. Pahlman, appeals from a judgment of guilty entered following a jury trial in the Circuit Court of Clinton County for the offense of aggravated battery in violation of section 12—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(a)). The defendant was sentenced to probation for 1½ years with a $500 fine. One of the conditions of probation was a 60-day term of periodic imprisonment in the county jail to be served on weekends with every third weekend off. On appeal defendant contends that the trial court

erred in: (1) failing to give a separate issues instruction which included the element of voluntary intoxication, and (2) imposing the weekend imprisonment sentence upon defendant as part of his probation sentence when the State conceded that the nature of the offense did not require incarceration of the defendant.

The pertinent facts are as follows: on the evening of February 7, 1976, the defendant and a group of about 10 friends, all from Trenton, Illinois, were having a bachelor party for one of their number. The group visited seven or eight different bars before entering the Sleepy Hollow Tavern in Germantown, where the described incident took place. The defendant testified that he had at least one beer in each bar visited and that by the time he reached the Sleepy Hollow Tavern, although he was not intoxicated, he was "feeling good."

Daniel Langenhorst, his wife JoAnn, and several of their relatives were sitting at the bar. At about midnight defendant went to the bar to order a drink and picked up a $5 bill that belonged to Daniel Langenhorst. One of Langenhorst's relatives accused defendant of trying to steal the money and defendant explained that he had only done it in jest. He and Langenhorst shook hands and dismissed the incident but the relative went around to other people in the bar and told them that defendant was a thief and made some derogatory remarks about people from Trenton in general.

About 15 to 30 minutes later a commotion broke out at one of the game machines. Testimony as to the precise chain of events is unclear but the following is apparent. Daniel Langenhorst pushed his way through the crowd toward defendant and defendant struck him in the left cheek. The two men momentarily backed away and defendant was hit by JoAnn Langenhorst. Defendant then attempted to slap her, but the evidence is unclear as to whether he actually touched her. At this point one of defendant's companions grabbed defendant and attempted to push him toward the exit to avoid further conflict. Daniel Langenhorst again came at defendant and defendant freed himself from his friend, threw Langenhorst to the floor and then kicked him twice in the face. As a result of this kicking, one tooth was knocked out, a partial plate was damaged and a number of Langenhorst's facial bones were broken. Defendant then went outside the tavern and waited until the police arrived and arrested him.

At the conference on instructions the defendant offered the alternative defense of self-defense and intoxication by requesting the "definitional" instruction of each defense followed by the "issues" instruction for aggravated battery which incorporated the respective affirmative defenses raised. The order of these instructions is as follows: the definition of self-defense (defendant's instruction No. 2, IPI Criminal No.

24.06); the issues instruction for aggravated battery, including self-defense as an issue (defendant's instruction No. 3, IPI Criminal No. 25.05); the definition of the intoxication defense (defendant's instruction No. 4, IPI Criminal No. 24.02); and the issues instruction for aggravated battery, including the intoxication defense as an issue (defendant's instruction No. 5, I.P.I. Criminal No. 25.03).

The court granted defendant's instruction No. 2, which defined self-defense, and also defendant's instruction No. 3, the issues instruction for aggravated battery, which read:

"To sustain the charge of aggravated battery, the State must prove the following propositions:

First: That the Defendant knowingly and intentionally caused great bodily harm to Daniel Langenhorst.

Second: That the defendant was not justified in using the force which he used.

If you find from your consideration of all the evidence that each of these propositions has been proven beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you should find from your consideration of all the evidence that any of these propositions has not been proven beyond a reasonable doubt, then you should find the defendant not guilty."

The court then granted defendant's instruction No. 4, defining the defense of intoxication, but, in light of "all the evidence and the other instructions given," denied defendant's instruction No. 5, which incorporated No. 4 into the issues instruction for aggravated battery. Defendant's instruction No. 5 read:

"To sustain the charge of aggravated battery, the state must prove the following propositions:

First: That the defendant knowingly and intentionally caused great bodily harm to Daniel Langenhorst.

Second: That the defendant had substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

If you find from your consideration of all the evidence that each of these propositions has been proven beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proven beyond a reasonable doubt, you should find the defendant not guilty."

At the conference on instructions, neither party nor the trial judge noticed that defendant had mistakenly tendered the issues instruction on

involuntary intoxication when he instead should have offered an issues instruction on voluntary intoxication. Had defendant offered the correct instruction, the second element of defendant's instruction No. 5 would have been replaced by the following:

Second: That the defendant was then capable of acting knowingly or intentionally.

However, this error went unnoticed. No proper instruction on voluntary intoxication was tendered after the denial of the improper instruction. Defendant's post-trial motion simply alleged that "the Court erred in failing to give defendant's instruction 5 * * *." On appeal defendant's brief acknowledged the mistake and claimed that the trial court committed reversible error by failing to give a separate issues instruction which included the element of voluntary intoxication.

■■ Essentially, defendant on appeal alleges that the trial court should have recognized the defendant's mistake, rewritten the instruction sua sponte and issued it to the jury. This has never been an obligation of the courts. Indeed, the Illinois Supreme Court in *People v. Springs*, 51 Ill. 2d 418, 425, 282 N.E.2d 225, stated: "We have repeatedly announced the rule that the court is under no duty to give instructions not requested by counsel."

In *People v. Baylor*, 25 Ill. App. 3d 1070, 324 N.E.2d 255, the defendant offered the IPI instruction on circumstantial evidence, the second paragraph of which is to be included only when the proof of guilt is entirely circumstantial. The defendant alleged that the court's failure to give the jury the first paragraph of the instruction was error. The *Baylor* court rejected this argument, holding that a defendant cannot complain of the failure of the court to instruct on a certain feature of the case where he has not requested a proper instruction on that feature. It was also stated that an instruction which includes both a correct and an incorrect proposition of law is properly refused and the trial judge is under no obligation to rewrite the instruction tendered by defendant so that it would be proper. In the instant case, defendant's insertion of the element of involuntary intoxication in the issues instruction on aggravated battery was improper, and he cannot rely on the trial judge to discover this error and correct the mistake.

Similarly, in *People v. Weeks*, 37 Ill. App. 3d 41, 344 N.E.2d 791, the defendant claimed that the jury was improperly instructed in that the court failed to give on its own motion IPI Criminal No. 25.02 concerning the drugged condition defense. It was held that the court is under no duty to give instructions not requested by counsel when the omitted instruction is not a fundamental instruction which must be given in all cases. In accord is *People v. Rudolph*, 12 Ill. App. 3d 420, 299 N.E.2d 129, holding that the court is under a duty to instruct the jury only as to the elements of

the crime with which the defendant is charged. A jury instruction dealing with defendant's theory of the case is not given as a matter of right by the trial court on its own motion. Since defendant in the case at bar did not tender an instruction on voluntary intoxication, and such an instruction cannot be considered a fundamental one which must be given in all cases, the trial court was under no duty to instruct the jury on its own motion. The trial court denied Defendant's Instruction No. 5 (IPI Criminal No. 25.03) because the elements contained in the definition of the intoxicated defense (IPI Criminal No. 24.02), "knowingly" and "intentionally", were already included in Defendant's Instruction No. 3 (IPI Criminal No. 25.05), the issues instruction on aggravated battery. The court cannot be expected to determine that defendant intended to tender a voluntary intoxication defense issues instruction, nor does the court have a duty to correct the mistake on its own if it did realize the mistake.

■■■ Even assuming arguendo that error may have been committed in omitting an issues instruction containing the voluntary intoxication defense, it cannot justify reversal in that such omission would be harmless error. The omission of an issues instruction is not reversible per se, since the definitional instruction supplies the jury with the same elements. This was brought out in *People v. Jones*, 60 Ill. 2d 300, 325 N.E.2d 601, which stated:

> "The manner of instructing which is written into IPI-Criminal is that each offense is defined twice. The first definition is general in nature, but does contain all the elements of the crime. The second instruction, referred to as the "issue" instruction, differs from the first as a matter of form, not substance." (60 Ill. 2d 300, 309-10.)

Thus the trial court, by giving defendant's instruction No. 4, which defined the intoxication defense, did not deny defendant's defense of intoxication. Furthermore, the elements of that defense, "knowingly" and "intentionally," were included in defendant's instruction No. 3, the issues instruction of aggravated battery, which was granted. Accordingly, defendant's instruction No. 5 is not such a fundamental instruction in these circumstances that its denial would constitute reversible error.

■■■ Finally, it has been held that, as a general rule, where the grounds for a new trial are stated in writing, a defendant is limited to those errors alleged therein and is deemed to have waived all others. (*People v. Wheeler*, 57 Ill. App. 2d 452, 206 N.E.2d 727; *People v. Crosby*, 39 Ill. App. 3d 1008, 350 N.E.2d 805.) Since defendant in the instant case claimed in his post-trial motion that the trial court erred in failing to give the issues instruction containing the elements of involuntary intoxication, but did not mention the instruction for voluntary intoxication, he is precluded from raising that issue on appeal. In *People v. Horton*, 15 Ill.

App. 3d 51, 303 N.E.2d 534, the defendant complained that the jury was improperly instructed on the crime of possession of narcotics in that the instructions omitted the element of knowledge. The court refused to hear the claim, holding that "the point was not raised in defendant's post-trial motion and the failure to raise an issue in the written motion for a new trial constitutes a waiver of that issue and it cannot be urged as a ground for reversal on review." See also *People v. Pickett*, 54 Ill. 2d 280, 296 N.E.2d 856.

Supreme Court Rule 451(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 451(c)) does state that in criminal cases substantial defects in instructions are not waived by failure to make timely objections thereof if the interests of justice require. However, it has been held that this rule does not remove the necessity for making specific objections to instructions in the conference on instructions in the trial court. Rather, it places squarely upon the shoulders of a defendant who seeks to avoid a waiver in the reviewing court of the obligation to establish (a) that the defects in the instructions are substantial and (b) that its giving resulted in denying to the defendant justice and a fair trial. (*People v. Price*, 96 Ill. App. 2d 86, 283 N.E.2d 881; *People v. Wright*, 24 Ill. App. 3d 536, 325 N.E.2d 52.) Defendant clearly has not met this burden.

Defendant also claims that the trial court erred in imposing a term of imprisonment upon him in addition to the one and a half year probation term and the $500 fine in view of the fact that the prosecutor had recommended that no jail time was necessary in this case.

■■ The prosecutor's sentence recommendation is not binding on the trial court. (*People v. Boyd*, 29 Ill. App. 3d 185, 329 N.E.2d 822.) Furthermore, *People v. Kaylor*, 131 Ill. App. 2d 964, 968, 267 N.E.2d 710, has held:

> "Review courts in Illinois follow the advice found in the English cases to the effect that they should not 'tinker' with sentences, or attempt to substitute their judgments for that of the trial courts. In this area, Appellate Courts should proceed with circumspection, realizing that the trial judge has a superior opportunity to hear and to observe the demeanor of witnesses and obtain a 'feel for the case' that is denied to the judges on review."

As there seems to be some confusion as to the exact term of imprisonment which was imposed by the trial judge as a condition of his probation, clarification is in order. Consequently, the sentence order and probation order is hereby amended to read as follows:

> "That as a further condition of his probation, the probationer shall serve a 60 day periodic sentence of imprisonment to be served on weekends with every third weekend off for a total of 6

weekends of incarceration; such weekend incarceration to commence at 7:00 p.m. on Friday and terminate at 9:00 p.m. on Sunday."

The judgment of the Circuit Court of Clinton County is affirmed with the amendment as to the sentence order and the probation order.

Judgment affirmed with amendment.

KARNS and G. J. MORAN, JJ., concur.