**FIRST DIVISION**
June 28, 2010

No. 1-07-2922

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| | ) | |
| v. | ) | No. 04 CR 9721 |
| | ) | |
| | ) | The Honorable |
| | ) | Leo E. Holt and |
| PEDRO CABRERA, | ) | Mary Margaret |
| | ) | Brosnahan, |
| Defendant-Appellant. | ) | Judges Presiding. |

JUSTICE GARCIA delivered the opinion of the court.

The defendant, Pedro Cabrera, appeals from Judge Mary Margaret Brosnahan's summary dismissal of his pro se petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 et seq. (West 2006)). The defendant contends his petition states the gist of a meritorious claim for ineffective assistance of appellate counsel based on counsel's failure to raise a double jeopardy claim on direct appeal. In his petition, the defendant alleged that Judge Leo E. Holt, the trial judge, subjected him to double jeopardy by sua sponte vacating his negotiated guilty plea and setting his case for trial on all charges after accepting the defendant's plea of guilty to one count of armed robbery and granting the State's motion to nol-

No. 1-07-2922

pros the remaining charges.

On February 16, 2010, we issued an opinion affirming Judge Brosnahan's summary dismissal because we found jeopardy never terminated on the armed robbery charge and jeopardy never attached to the remaining charges. We granted the defendant's petition for rehearing pursuant to Supreme Court Rule 367 (210 Ill. 2d R. 367) and heard oral argument on the defendant's contention that the continuing jeopardy doctrine, which we applied in rejecting the defendant's claim, was not addressed in the briefs nor supported by a published opinion in Illinois. In the absence of an Illinois case applying the continuing jeopardy doctrine, the defendant contends his petition cannot be found to have no arguable basis in law as our supreme court articulated in People v. Hodges, 234 Ill. 2d 1, 912 N.E.2d 1204 (2009). After reconsidering the matter in light of the arguments on rehearing, we affirm Judge Brosnahan's summary dismissal.

BACKGROUND

The defendant was charged in a six-count indictment with two counts of armed robbery, two counts of burglary, and two counts of aggravated unlawful restraint involving an on-the-street encounter with a husband and wife and their two children as they were exiting their car. On March 9, 2004, Judge Holt was informed by defense counsel that the State had extended an offer

2

of six years' imprisonment in exchange for the defendant's plea of guilty to one count of armed robbery.  Judge Holt continued the matter to the next day for a guilty plea hearing.  On March 10, 2004, Judge Holt began the hearing by making certain inquiries of the defendant.  In the course of his admonishments to the defendant, Judge Holt informed the defendant that "when you plead guilty you say to the court I am guilty and there is nothing left to try."  The defendant responded that he understood the process of pleading guilty and was entering his plea of guilty freely and voluntarily.  Following the admonishments, Judge Holt entered his findings regarding the defendant's plea: "[The] Court finds that he understands his rights and that he is waiving his rights freely and voluntarily."  The State's factual basis for the defendant's plea of guilty was stipulated to by the defense.  Following the factual basis, Judge Holt stated:

> "Let the record reflect that there is a
> sufficient factual basis for the plea of
> guilty.  Accordingly the plea of guilty is
> accepted.  There will be a finding of guilty.
> Judgment is entered on the finding."

The State nol-prossed the five remaining counts of the indictment.

In aggravation, the State informed Judge Holt that the

3

defendant had four prior felony convictions; in mitigation, the defense rested on the agreement reached with the State. The defendant was then given the opportunity to address the court. In response to Judge Holt's question about any prior commitments to the penitentiary, the defendant stated he previously served seven years and eight months in the Illinois Department of Corrections (IDOC) with this being his third IDOC sentence. The following exchange, central to this appeal, then occurred.

"THE COURT: Mr. Cabrera, you can't imagine how lucky you are. I don't even understand the sentence and the agreement that was made between your attorney and the state's attorney. It boggles my mind that you are a five time convicted felon and you committed an armed robbery which endangers the life of the people that you were robbing and you come out with a six year sentence. It just boggles my mind that you come out with the minimum. I don't understand it.

THE DEFENDANT: I hate to tell you the truth, Your Honor, you know what I'm saying, I plead guilty because of my background. I can't show my innocence. That's the only

thing wrong with my life. Can't show my innocence because of my background.

THE COURT: Are you telling me that you are innocent of this charge?

THE DEFENDANT: Yes, Your Honor. Yes, Your Honor.

THE COURT: Well Mr. Cabrera, you're going to get a chance to prove your innocence. I don't take guilty pleas from people who are innocent of the crimes that they are charged with.

THE DEFENDANT: But Your Honor, I prefer to take the time, sir.

THE COURT: I'm not interested in what you prefer. You don't have a right to cause me to disgrace myself and the criminal justice system by accepting a plea of guilty from you when you are in fact not guilty. That's what you are telling me, that you didn't commit this crime. I'm not going to send you to the penitentiary for a crime you didn't commit. Just because that may be your desire. You don't have a right to impose

that on me.

THE DEFENDANT: Sir, I no I'm standing - I can't beat it at trial, sir.

THE COURT: I don't care whether you can beat it or not. You're entitled to a trial if you are not guilty of the crime you are charged with.

THE DEFENDANT: I been blessed already, you known what I'm saying. I've been blessed in the courtroom already.

THE COURT: You're going to be blessed again because you're going to get a trial. Set this case for trial. The plea is ordered vacated. Waiving his right to trial by jury. The previous order vacating his -- waiving his right to trial by jury is vacated. The plea of not guilty is reinstated.

The matter was continued from time to time for trial. At the time of trial, the defendant elected a bench trial.

At trial, the State's evidence was that the defendant, armed with a knife, robbed the couple and removed items from the family car with the aid of another. The defendant was arrested nearby soon after the crimes, with some of the possessions of the

husband and wife. The defendant did not testify at trial.

Judge Holt found the defendant guilty of all counts, merging the two counts of aggravated unlawful restraint with the two counts of armed robbery. He sentenced the defendant to 20 years' imprisonment on the armed robbery counts, which included the count of armed robbery to which the defendant had entered his plea of guilty. A single concurrent seven-year prison term was imposed for burglary.

On direct appeal, the defendant presented an issue, based on plain error, very similar to the one before us now. People v. Cabrera, No. 1-04-3297 (1999) (unpublished order under Supreme Court Rule 23). He asserted that Judge Holt erred in rejecting his guilty plea based solely on his professed claim of innocence without considering the particular facts of his case. In affirming, we noted that the United States Supreme Court has held that a trial court's acceptance of a guilty plea supported by a strong factual basis is not error, even in the face of the defendant's proclamation of innocence; however, the states are free to prohibit their courts from accepting a guilty plea where a defendant maintains his innocence. North Carolina v. Alford, 400 U.S. 25, 38 n.11, 27 L. Ed. 2d 162, 172 n.11, 91 S. Ct. 160, 168 n.11 (1970). Consistent with the language in Alford, we noted that under Illinois case law a trial court may, but is not

7

required to, accept a guilty plea from a defendant that maintains his innocence.  A trial court has discretion to vacate its acceptance of a defendant's guilty plea if the defendant proclaims his innocence during the course of the guilty plea hearing.  We determined that Judge Holt acted within his discretion in vacating the defendant's plea of guilty in light of the defendant's proclamation of innocence.  Cabrera, No. 1-04-3297, citing People v. Peterson, 311 Ill. App. 3d 38, 41-42, 46, 725 N.E.2d 1 (1999) (rejecting the claim based on dicta in a single case that a court must accept a guilty plea because "every other case to address the issue specifically holds or states that it is within the discretion of the trial court to accept or reject a guilty plea when innocence is proclaimed"), and People v. Ottomanelli, 153 Ill. App. 3d 565, 566-68, 606 N.E.2d 1078 (1987) (rejection of plea of guilty affirmed where trial judge stated, "I don't let somebody plead guilty that says [he] didn't do it").

On February 7, 2007, the defendant filed a pro se postconviction petition alleging, in pertinent part, that Judge Holt improperly subjected him to double jeopardy by accepting the guilty plea only to later vacate it and force the defendant to trial on all counts.  He also alleged that appellate counsel was ineffective for failing to raise this constitutional claim on

direct appeal. Judge Brosnahan summarily dismissed the defendant's petition as frivolous and patently without merit on March 9, 2007. However, neither Judge Brosnahan's oral ruling nor her written order specifically addressed the defendant's double jeopardy claim. A timely appeal followed.

ANALYSIS

The defendant contends his petition states the gist of a constitutional claim that his appellate counsel was ineffective for failing to raise a double jeopardy issue on direct appeal. He argues that his double jeopardy claim has an arguable basis in law because jeopardy attached to all charges when Judge Holt accepted his guilty plea to armed robbery and granted the State's motion to nol-pros the remaining charges. Based on this premise, the defendant argues his subsequent bench trial improperly placed him in jeopardy a second time.

Initially, we observe that the defendant appears to have recast his direct appeal challenge to Judge Holt's rejection of his guilty plea into a postconviction claim of ineffective assistance of appellate counsel founded on an alleged double jeopardy violation. Generally, the recasting in constitutional terms of an issue decided on direct appeal is barred by res judicata. People v. Flores, 153 Ill. 2d 264, 277-78, 606 N.E.2d 1078 (1992) ("a petitioner cannot obtain relief by 'rephrasing

9

previously addressed issues in constitutional terms' in his petition"), quoting People v. Gaines, 105 Ill. 2d 79, 90, 473 N.E.2d 868 (1984).

However, where the reviewing court's failure to address a constitutional issue is alleged to be the fault of appellate counsel in failing to raise a meritorious claim, such a claim may be examined to prevent a fundamental miscarriage of justice. Flores, 153 Ill. 2d at 279. "[W]here a defaulted claim stems from the incompetency of appellate counsel and results in prejudice to the defendant, there can be no doubt that the proceeding on the first [review] was deficient in a fundamental way." Flores, 153 Ill. 2d at 278. Accordingly, we review the facts and circumstances present in this case to determine whether appellate counsel's failure to raise the double jeopardy claim makes a sufficient showing of ineffective assistance.

### Standard of Review

We review de novo the summary dismissal of a postconviction petition. Hodges, 234 Ill. 2d at 9. Prior to Hodges, at the first stage of postconviction proceedings, we looked to whether a defendant alleged the gist of a constitutional claim to avoid summary dismissal. The term "gist" is not, however, the standard by which the petition is to be evaluated; rather, under the Act, a circuit court is to allow a postconviction petition raising

constitutional claims to proceed to the second-stage proceeding, where counsel is appointed to an indigent defendant, when it cannot be determined that the petition is frivolous or patently without merit. Hodges, 234 Ill. 2d at 9; 725 ILCS 5/122-4 (West 2006). Though only a limited amount of detail need be presented in a pro se petition, the petition must " 'clearly set forth the respects in which petitioner's constitutional rights were violated.' " Hodges, 234 Ill. 2d at 9, quoting 725 ILCS 5/122-2 (West 2006). In other words, the trial court may summarily dismiss a postconviction petition "as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." Hodges, 234 Ill. 2d at 11-12. A frivolous or patently without merit petition "is one *** based on an indisputably meritless legal theory or a fanciful factual allegation." Hodges, 234 Ill. 2d at 16.

To determine whether appellate counsel was ineffective in the assistance he provided to a defendant, we apply the two-prong test established in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Hodges, 234 Ill. 2d at 17. "A defendant who claims that appellate counsel was ineffective for failing to raise an issue on appeal must allege facts demonstrating such failure was objectively unreasonable and that counsel's decision prejudiced defendant." People v. Rogers, 197

11

Ill. 2d 216, 223, 756 N.E.2d 831 (2001), citing People v. Enis, 194 Ill. 2d 361, 377, 743 N.E.2d 1 (2000). "If the underlying issue is nonmeritorious, the defendant has suffered no prejudice." Rogers, 197 Ill. 2d at 223, citing Enis, 194 Ill. 2d at 377. Thus, we turn to the merits of the defendant's underlying double jeopardy claim.

We note that the underlying facts in this case are not in dispute; the dispositive question as to the sufficiency of the defendant's postconviction petition is whether the defendant's legal theory, that the guilty plea hearing triggered double jeopardy protections, has an arguable basis in law. Hodges, 234 Ill. 2d at 9. Because this appeal presents a question of law, that Judge Brosnahan dismissed the defendant's postconviction petition at the first stage of proceedings under the Act has little impact on our review. Had the same postconviction claim been dismissed after appointment of counsel at the second-stage review, we would employ the same standard: de novo review. See People v. Coleman, 183 Ill. 2d 366, 375, 701 N.E.2d 1063 (1998) (standard of review for second-stage dismissal of postconviction petition is plenary). A petition that is based on an indisputably meritless legal theory is frivolous and cannot make a substantial showing of a constitutional violation.

The double jeopardy clauses of the Illinois and United

12

No. 1-07-2922

States Constitutions provide the same protection. People v. Bellmyer, 199 Ill. 2d 529, 536-37, 771 N.E.2d 391 (2002). In addition, section 3-4(a)(3) of the Criminal Code of 1961 (the Code) codifies the constitutional double jeopardy rules. 720 ILCS 5/3-4 (West 2004); People v. Mueller, 109 Ill. 2d 378, 383, 488 N.E.2d 523 (1985). The prohibition against double jeopardy is designed to prevent the State from engaging in more than one attempt to convict an individual, thereby subjecting him to embarrassment, expense, continuing anxiety and insecurity, and increasing the possibility that he may be found guilty even if innocent. People v. Henry, 204 Ill. 2d 267, 282-83, 789 N.E.2d 274 (2003). It also furthers the constitutional policy in favor of finality for the benefit of the defendant. Brown v. Ohio, 432 U.S. 161, 165, 53 L. Ed. 2d 187, 194, 97 S. Ct. 2221, 2225 (1977). However, double jeopardy analysis should not be applied mechanically if the interests the clause seeks to protect are not endangered or where its mechanical application would frustrate society's interest in enforcing criminal laws. People v. Knaff, 196 Ill. 2d 460, 468-69, 752 N.E.2d 1123 (2001). "The prohibition against double jeopardy 'protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same

13

offense.' " Henry, 204 Ill. 2d at 283, quoting People v. Placek, 184 Ill. 2d 370, 376-77, 704 N.E.2d 393 (1998). We understand the defendant's contention here to put the latter two protections at issue.

To determine whether a subsequent prosecution would violate a defendant's right to avoid being placed in double jeopardy, a reviewing court must initially determine whether jeopardy "attached" in the first proceeding. Bellmyer, 199 Ill. 2d at 537-38. There are three settings in which jeopardy may attach: (1) at a jury trial when the jury is empaneled and sworn; (2) at a bench trial when the first witness is sworn and the court begins to hear evidence; and (3) at a guilty plea hearing "when the guilty plea is accepted by the trial court." Bellmyer, 199 Ill. 2d at 538. The defendant contends the constitutional rule against double jeopardy barred the subsequent trial on the offenses the State nol-prossed and the armed robbery charge to which the defendant pleaded guilty, but which was rejected and vacated by the circuit court. We address each contention separately.

Offenses Nol-prossed

In a guilty plea setting, whether jeopardy attaches to offenses to which no guilty pleas have been entered turns on when the State's motion to nol-pros those charges is entered. "If the

14

allowance of a motion to nol-pros is entered before jeopardy attaches, the nolle prosequi does not operate as an acquittal, and a subsequent prosecution for the same offense could legally proceed. [Citation.] Conversely, the granting of a motion to nol-pros after jeopardy attaches has the same effect as an acquittal, and the State may not pursue those charges in a subsequent trial. [Citation.]" People v. Daniels, 187 Ill. 2d 301, 312, 718 N.E.2d 149 (1999), citing People v. Watson, 394 Ill. 177, 179, 68 N.E.2d 265 (1946), and People v. Blake, 287 Ill. App. 3d 487, 491, 678 N.E.2d 761 (1997). "The starting point in any double jeopardy analysis, of course, is determining whether or not jeopardy had attached." People ex rel. Mosley v. Carey, 74 Ill. 2d 527, 534, 387 N.E.2d 325 (1979).

The defendant offers little in his main brief to support his implicit claim that jeopardy attached to the nol-prossed charges except his assertion that "after jeopardy attached, the court accepted a State motion to nol-pros the remaining five charges." As support, the defendant offers this quote: "[T]he granting of a motion to nol-pros after jeopardy attaches has the same effect as an acquittal, and the State may not pursue those charges in a subsequent trial." Daniels, 187 Ill. 2d at 312. The quoted language from Daniels, however, provides no answer to the starting-point question of whether jeopardy attached to the

15

offenses that were nol-prossed. As our supreme court made clear in Daniels, the mere granting of the State's motion to nol-pros charges does not operate as an acquittal; rather, to operate as an acquittal, jeopardy must attach before the charges are nol-prossed.

At a guilty plea hearing, jeopardy only attaches to those offenses to which the defendant pleads guilty and only "when the guilty plea is accepted by the trial court." Bellmyer, 199 Ill. 2d at 538. "Jeopardy attached only at the time the guilty plea was accepted by the court [citation] and logic dictates that jeopardy would attach only to the crime pleaded to since there has been no finding of any sort [as to the charge nol-prossed]." People v. McCutcheon, 68 Ill. 2d 101, 106, 368 N.E.2d 886 (1977); see Ohio v. Johnson, 467 U.S. 493, 494, 501-02, 81 L. Ed. 2d 425, 430, 435, 104 S. Ct. 2536, 2538, 2542 (1984) (where a defendant pleads guilty to only some of the charges and pleads not guilty to the more serious charges, the pleas of guilty do not resolve all charges brought by the State and the principles of finality are not implicated to bar prosecution on the remaining charges based on double jeopardy).

As made clear by the record, the defendant never entered pleas of guilty to counts II through VI of the indictment at the time the State's motion to nol-pros those offenses was granted by

16

Judge Holt. Because nothing transpired below that triggered jeopardy to attach to the offenses nol-prossed, it necessarily follows that reinstatement of those offenses did not violate the defendant's constitutional right against double jeopardy. McCutcheon, 68 Ill. 2d at 106; Johnson, 467 U.S. at 494, 501-02, 81 L. Ed. 2d at 430, 435, 104 S. Ct. at 2538, 2542.

Plea of Guilty to Armed Robbery

On the other hand, it is clear that under Illinois law, jeopardy attached to the armed robbery charge at the defendant's March 10, 2004, guilty plea hearing when Judge Holt accepted the defendant's plea of guilty and entered "a finding of guilty." See 720 ILCS 5/3-4(a)(3) (West 2004); Bellmyer, 199 Ill. 2d at 538 (jeopardy attaches to a guilty plea "when [it] is accepted by the trial court"). That jeopardy attached to the offense the defendant pleaded guilty to does not, however, determine whether a second prosecution for that same offense is barred by the double jeopardy clause. To trigger the double jeopardy bar, jeopardy must not only attach, but terminate. Bellmyer, 199 Ill. 2d at 540-41, citing Richardson v. United States, 468 U.S. 317, 325, 82 L. Ed. 2d 242, 250-51, 104 S. Ct. 3081, 3086 (1984). "Jeopardy 'terminates' if the trial concludes under conditions in which the defendant could not be retried without violating the double jeopardy rule ***." Daniels, 187 Ill. 2d at 310-11.

17

The concept of "continuing jeopardy" has been applied to explain why reprosecution is not barred by the double jeopardy clause in certain circumstances where the criminal proceeding against a defendant has not run its full course. Justices of Boston Municipal Court v. Lydon, 466 U.S. 294, 308, 80 L. Ed. 2d 311, 325, 104 S. Ct. 1805, 1813 (1984). "In the parlance of double jeopardy case law, jeopardy 'continues' if a conviction is reversed on appeal or if the trial ends in a mistrial." Daniels, 187 Ill. 2d at 310-11. "Interests supporting the continuing jeopardy principle involve fairness to society, lack of finality, and limited waiver. [Citation.] Acquittals, unlike convictions, terminate the initial jeopardy." Justices of Boston Municipal Court, 466 U.S. at 308, 80 L. Ed. 2d at 325, 104 S. Ct. at 1813. The principle of continuing jeopardy is reflected in section 3-4(a)(3) of the Code, which codifies the constitutional double jeopardy rules. Mueller, 109 Ill. 2d at 383. "A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution: *** (3) Was terminated improperly ***." 720 ILCS 5/3-4(a)(3) (West 2004).

While we are unaware of an Illinois case applying the continuing jeopardy principle to a guilty plea proceeding, we are presented with no persuasive argument against its application.

18

For purposes of barring reprosecution, section 3-4(a)(3) makes no distinction between a jury or bench trial that terminates improperly and a guilty plea hearing that terminates improperly. An improperly terminated guilty plea proceeding, "after a plea of guilty was accepted by the court," will bar a subsequent prosecution, no less so than if a jury or bench trial terminated improperly. 720 ILCS 5/3-4(a)(3) (West 2004). Inversely stated, just as a jury or bench trial may terminate properly, allowing for a retrial when, for example, "manifest necessity" compels such an outcome (People v. Edwards, 388 Ill. App. 3d 615, 623, 902 N.E.2d 1230 (2009)), by implication, if the original guilty plea hearing is terminated properly under Illinois law, a successive prosecution is not barred under section 3-4(a)(3).

Much like jeopardy that attaches following the impaneling of a jury or the calling of the first witness in a bench trial, which "continues" throughout the course of the trial, the jeopardy that attached following Judge Holt's acceptance of the defendant's plea of guilty continued throughout the course of his guilty plea hearing. Much like a proper declaration of a mistrial in the course of a trial does not preclude reprosecution (Daniels, 187 Ill. 2d at 310-11; 720 ILCS 5/3-4(a)(3) (West 2004)), a proper termination of a guilty plea hearing does not

19

No. 1-07-2922

trigger a double jeopardy bar to subsequent prosecution.[1]  Under
the continuing jeopardy principle, if the jeopardy that attached
upon the acceptance of the defendant's plea of guilty did not
terminate before Judge Holt vacated his plea of guilty, then the

---

[1] While the mistrial analogy is not exact (see United States
v. Santiago Soto, 825 F.2d 616, 620 (1st Cir. 1987) ("manifest
necessity" is not necessary "to warrant a judicial vacation of a
guilty plea" under the Supreme Court's decision in  Johnson)),
there is a shared societal interest in allowing a retrial after a
proper judicial declaration of a mistrial before a trial
concludes and allowing a full-blown prosecution after a trial
judge vacates a plea of guilty over concerns that a defendant
simultaneously proclaims his innocence.  In both instances the
equivalent of an acquittal has not occurred because " 'society's
interest in giving the prosecution one complete opportunity to
convict those who have violated its laws' " has not been met.
Richardson, 468 U.S. at 324, 82 L. Ed. 2d at 250, 104 S. Ct. at
3085, quoting Arizona v. Washington, 434 U.S. 497, 509, 54 L. Ed.
2d 717, 730, 98 S. Ct. 824, 832 (1978); see Johnson, 467 U.S. at
500 n.9, 81 L. Ed. 2d at 434 n.9, 104 S. Ct. at 2541 n.9 ("the
taking of a guilty plea is not the same as an adjudication on the
merits after full trial").

20

No. 1-07-2922

defendant could be retried without violating the double jeopardy rule. Daniels, 187 Ill. 2d at 310-11. In other words, under the facts of this case, reprosecution is barred only if Judge Holt improperly terminated the guilty plea hearing. 720 ILCS 5/3-4(a)(3) (West 2004).

Of course, in the defendant's direct appeal, we determined that Judge Holt acted within his discretion in rejecting the defendant's plea of guilty. Cabrera, No. 1-04-3297. We now go beyond our reasons set out in our earlier decision to address why, though jeopardy attached, the finding of guilty entered by Judge Holt during the guilty plea hearing did not preclude a trial on the merits. See People ex rel. Roberts v. Orenic, 88 Ill. 2d 502, 507-08, 431 N.E.2d 353 (1981) ("The facts of each case must be examined to determine the credibility of a double jeopardy claim").

We begin with a fundamental precept in guilty plea proceedings: "[T]he States may bar their courts from accepting guilty pleas from any defendants who assert their innocence." Alford, 400 U.S. at 38 n.11, 27 L. Ed. 2d at 172 n.11, 91 S. Ct. at 168 n.11 (1970). We note that the State here "is not attempting to impose multiple punishments for a single offense. Nor is it making another attempt to convict [the defendant] after acquittal." Justices of Boston Municipal Court, 466 U.S. at 307,

21

80 L. E. 2d at 324, 104 S. Ct. at 1813. We take the defendant's complaint here to be that his guilty plea constituted an initial prosecution, making his subsequent bench trial an improper successive prosecution. In the same sense, his agreement to accept six years in the IDOC on his guilty plea makes the sentence imposed subsequent to his conviction after the bench trial a second punishment for the same offense.

Although our courts in Illinois are not barred from accepting guilty pleas from defendants that assert their innocence, it is long established that a trial court has discretion to reject such pleas and reinstate a plea of not guilty. See People v. Hancasky, 410 Ill. 148, 153, 101 N.E.2d 575 (1951) (" 'The rule has often been announced in this State that permission to change a plea of guilty to one of not guilty is a matter within the discretion of the trial court' "), quoting People v. Jamieson, 387 Ill. 367, 374-75, 56 N.E.2d 790 (1944); Peterson, 311 Ill. App. 3d at 43-44 and cases cited therein. We perceive no constitutional distinction between a state practice that bars accepting guilty pleas when coupled with protestations of innocence and allowing a circuit court to accept or reject such pleas in the exercise of sound judicial discretion; nor does the defendant put forth an argument that the former passes constitutional muster but the latter does not. Nor does the

22

defendant raise again, in the context of his double jeopardy claim, that Judge Holt abused his discretion in rejecting the defendant's guilty plea.  Rather, he maintains that as a matter of constitutional law, the subsequent bench trial was prohibited by the double jeopardy clause.

As we determined on direct appeal, the colloquy during the defendant's allocution gave Judge Holt good reason to doubt the truth of the defendant's guilty plea.  We reject as disingenuous the defendant's position that Judge Holt had to disregard the defendant's claim of innocence.  We repeat: under well-established Illinois case law, a circuit court has discretion to accept or reject a guilty plea where the defendant proclaims his innocence.  A circuit court may set aside or withdraw a guilty plea on its own motion, that is without a defendant's consent, where the court has good reason to doubt the truth of the plea.  Hancasky, 410 Ill. at 154-55; compare 177 Ill. 2d R. 402(d)(2) (where the trial judge "withdraws his concurrence or conditional concurrence" to a proposed disposition pursuant to a plea agreement, "he shall *** call upon the defendant either to affirm or to withdraw his plea of guilty"); see also Ottomanelli, 153 Ill. App. 3d at 569 (Rule 402(c) is based on Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P. 11)).

Nor has the defendant marshaled a persuasive argument that

23

because Judge Holt had entered his finding of guilty, Judge Holt was precluded from considering the defendant's protestations of innocence that he asserted later. See Santiago Soto, 825 F.2d at 620 ("The mere acceptance of a guilty plea does not carry the same expectation of finality and tranquility that comes with a jury's verdict or with an entry of judgment and sentence as in Brown[, 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221]"). We perceive no reason that the entry of a finding of guilty pursuant to a defendant's plea of guilty is a point beyond which a trial judge must turn a deaf ear to a defendant's protestation of innocence else risk leaving the State with no adjudication of the charge should vacating the guilty plea trigger double jeopardy. See Johnson, 467 U.S. at 494, 501-02, 81 L. Ed. 2d at 430, 435, 104 S. Ct. at 2538, 2542 (where a defendant's open guilty plea is to only some of the charges and, thus, does not offer to resolve all charges, the principles of finality are not implicated and further prosecution on the remaining charges is permissible); see also People v. Price, 369 Ill. App. 3d 395, 403-04, 867 N.E.2d 972 (2006) (prosecution of a "pending official-misconduct charge after defendant entered an open plea of guilty to theft" was not barred by double jeopardy).

Though the defendant protested Judge Holt's decision to reject his guilty plea, to quote Judge Holt, the defendant did

24

not have the right to cause the court to disgrace itself "and the criminal justice system by accepting a plea of guilty from you when you are in fact not guilty." The defendant had no constitutional right to force Judge Holt to sentence a man proclaiming his innocence to the Illinois penitentiary. Alford, 400 U.S. at 38 n.11, 27 L. Ed. 2d at 172 n.11, 91 S. Ct. at 168 n.11 ("A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court"). We conclude that the mere acceptance of a defendant's plea of guilty did not terminate the jeopardy that attached "when the guilty plea [was] accepted by the trial court." Bellmyer, 199 Ill. 2d at 538.

Thus, consistent with the continuing jeopardy principle, the subsequent prosecution on the identical offense is not foreclosed by the double jeopardy clause where the guilty plea hearing terminated properly. 720 ILCS 5/3-4(a)(3) (West 2004)); see Santiago Soto, 825 F.2d at 617, 620 (no double jeopardy violation where the trial court accepted guilty plea to a misdemeanor, then rejected it sua sponte when the defendant proclaimed his innocence before a sentence had been imposed, and he was subsequently convicted following a jury trial of later-filed felony charges); Gilmore v. Zimmerman, 793 F.2d 564, 566-67, 569-70 (3rd Cir. 1986) (the Supreme Court in Johnson discounted any

25

double jeopardy implications from the state court's acceptance of the guilty plea); United States v. Gomez-Gomez, 822 F.2d 1008, 1011 (11th Cir. 1987) ("when a defendant casts doubts upon the validity of his guilty plea by protesting his innocence or by making exculpatory statements, the court may resolve such doubts against the plea"); but compare United States v. Vinyard, 539 F.3d 589, 590-92 (7th Cir. 2008) (where the district court had accepted the defendant's guilty plea and sentenced him, the federal rules did not authorize the district court to sua sponte vacate his plea and sentence), with People v. Cox, 130 Ill. App. 3d 1073, 1076, 475 N.E.2d 248 (1985) (where the Fourth District approved the circuit court's action in vacating a plea of guilty and sentence as within the trial court's "jurisdiction over a judgment for 30 days after its entry for purposes of vacating, modifying, or setting aside the judgment to correct errors in its rendition").

We also note that the guilty plea hearing was terminated by Judge Holt before he imposed sentence. "The sentence is a necessary part of a complete judgment of guilt. [Citation.] In the absence of a sentence, a judgment of conviction is not final. [Citation.]" People v. Robinson, 267 Ill. App. 3d 900, 907, 642 N.E.2d 1317 (1994). The absence of a judgment of conviction

26

further supports our conclusion that the jeopardy that attached upon the entry of the defendant's plea of guilty never terminated. Nor does the defendant suggest a moment during the proceedings below when jeopardy would have terminated before Judge Holt vacated the defendant's plea of guilty. See Justices of Boston Municipal Court, 466 U.S. at 309, 80 L. Ed. 2d at 325, 104 S. Ct. at 1813 (the defendant "fails to identify any stage of the state proceedings that can be held to have terminated jeopardy").

We hold that Judge Holt did not improperly terminate the defendant's guilty plea hearing. Judge Holt's sound exercise of discretion to vacate the defendant's guilty plea and set the case for trial was not an event that terminated the jeopardy that attached upon the acceptance of the defendant's plea of guilty to armed robbery. Of course, because the subsequent bench trial was part of the same continuous prosecution, placing the defendant in jeopardy but once, the sentence imposed after the verdict following the bench trial did not subject the defendant to multiple punishments under the double jeopardy clause. That Judge Holt imposed a harsher sentence after the bench trial than the sentence agreed upon in the parties' proposed disposition is, absent more, insufficient to demonstrate that the defendant's rights were violated. See People v. Baze, 43 Ill. 2d 298, 302,

27

253 N.E.2d 392 (1969) (heavier sentence is permissible if it is not a penalty for the exercise of constitutional rights); 730 ILCS 5/5-5-4 (West 2006).[2] Under the double jeopardy clause, the 20-year sentence imposed by Judge Holt for armed robbery after the defendant's conviction following the bench trial did not constitute a second punishment.

Finally, we are unpersuaded by the defendant's reliance on the federal cases cited in his brief that do not involve protestations of innocence by the defendant during the course of a guilty plea hearing. We expressly disagree with the assertion in Morris v. Reynolds, 264 F.3d 38 (2d Cir. 2001), that a plea of

---

[2] While it may have been Judge Holt's practice not to reject a proposed disposition agreed upon by the parties, we are aware of no authority that compelled his concurrence. As Rule 402 makes clear, the trial court may reject a proposed disposition even when it gives its concurrence or conditional concurrence should additional information come to light that causes the trial judge to reject the defendant's plea of guilty before sentence is imposed. 177 Ill. 2d R. 402. Rule 402 "governs the procedure on pleas of guilty prior to sentencing." (Emphasis in original.) Cox, 130 Ill. App. 3d at 1076; 177 Ill. 2d R. 402, Committee Comments.

guilty is equivalent to a conviction, a case given prominence in the defendant's list of cases. "Given that a guilty plea is a conviction, [citation], and that the Double Jeopardy Clause 'protects against a second prosecution for the same offense after conviction,' [citation], the Clause prohibits a second prosecution for the same offense following a guilty plea." Morris, 264 F.3d at 49; but see Santiago Soto, 825 F.2d at 620 ("The mere acceptance of a guilty plea does not carry the same expectation of finality and tranquility that comes with a jury's verdict or with an entry of judgment and sentence as in Brown[, 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221 (1997)]"). Our disagreement regarding what constitutes a conviction aside, Morris involved a plea of guilty to a lesser included offense, which the Federal Court of Appeals for the Second Circuit concluded barred the reinstatement of the greater offense that was not pending when the guilty plea was entered. Morris, 264 F.3d at 49. The situation present in Morris is not the situation before us.

Because the jeopardy that attached to the defendant's plea of guilty to armed robbery did not terminate, reprosecution of the same offense in the defendant's subsequent bench trial was not barred by double jeopardy. Nor did the imposition of a harsher sentence following the bench trial implicate double

29

No. 1-07-2922

jeopardy concerns.

CONCLUSION

On the defendant's direct appeal, we found Judge Holt acted within his discretion in vacating the defendant's plea of guilty to the charge of armed robbery following the defendant's claim of innocence; our second review of the defendant's claimed error, recast in constitutional terms, does not change our view. A different result does not obtain based on a different challenge to the same set of facts. We also find that jeopardy did not attach to the charges dismissed pursuant to the State's motion to nol-pros. The entirety of the defendant's double jeopardy claim is based on an indisputably meritless legal theory. The defendant was not prejudiced by appellate counsel's failure to raise a meritless claim on direct appeal. Accordingly, Judge Brosnahan properly dismissed the defendant's postconviction petition as frivolous and patently without merit.

Affirmed.

PATTI and LAMPKIN, JJ., concur.

30

## REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

**PEOPLE OF THE STATE OF ILLINOIS**
       **Plaintiff-Appellee,**
**v.**
 **PEDRO CABRERA,**
       **Defendant-Appellant.**

**No. 1-07-2922**

**Appellate Court of Illinois**
**First District, First Division**

**Filed: June 28, 2010**

**JUSTICE GARCIA delivered the opinion of the court.**

**PATTI and LAMPKIN, J.J., concur.**

**Appeal from the Circuit Court of Cook County**
**Honorable Mary Margaret Brosnahan, Judge Presiding**

| | |
|---|---|
| For PLAINTIFF-<br>APPELLEE | **Anita Alvarez**<br>**State's Attorney, County of Cook**<br>**James E. Fitzgerald**<br>**Tasha-Marie Kelly**<br>**Shannan McFadden**<br>**Assistant State's Attorneys, Of Counsel**<br>**Richard J. Daley Center, Room 309**<br>**Chicago, IL 60602** |
| For DEFENDANT-<br>APPELLANT | **Michael J. Pelletier**<br>**State Appellate Defender**<br>**Patricia Unsinn**<br>**Deputy Defender**<br><br>**Shawn O'Toole**<br>**Assistant Appellate Defender** |

**Office of the State Appellate Defender**
**203 N. LaSalle Street, 24th Floor**
**Chicago, IL 60601**