# Illinois Official Reports

## Appellate Court

---

### *People v. Ventsias*, 2014 IL App (3d) 130275

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PETER A. VENTSIAS, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-13-0275 |
| Filed | July 1, 2014 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a prosecution for predatory criminal sexual assault and aggravated criminal sexual abuse where defendant was initially found guilty of predatory assault and not guilty of sexual abuse, then his predatory assault conviction was reversed on appeal, and then, prior to a second trial, the trial court was informed defendant would plead guilty to the sexual abuse charge after consenting to the reinstatement of that charge and the predatory assault charge would be nol-prossed, and then, following a plea hearing according to the new agreement, an off-the-record conservation occurred as to the trial court's concerns about whether defendant could plead guilty to an offense of which he had been acquitted, the trial court vacated the plea, reinstated the predatory assault charge and then conducted a jury trial at which defendant was convicted, the appellate court upheld the conviction for predatory criminal sexual assault over defendant's contention that the predatory criminal sexual assault conviction violated the double jeopardy clause, since jeopardy did not attach to the predatory assault charge at the plea hearing because defendant did not plead guilty to that charge, even if jeopardy attached, the plea hearing was properly terminated by the trial court based on the discovery that defendant could not validly plead guilty to a charge of which he had been acquitted, and the predatory assault charge was properly reinstated. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 06-CF-652; the Hon. Richard C. Schoenstedt, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |

| | |
|---|---|
| Counsel on Appeal | Jeffery J. Tomczak (argued), of Law Office of Jeff Tomczak, of Joliet, for appellant. |
| | James Glasgow, State's Attorney, of Joliet (Colleen M. Griffin (argued), Assistant State's Attorney, of counsel), for the People. |
| Panel | JUSTICE CARTER delivered the judgment of the court, with opinion. Presiding Justice Lytton and Justice McDade concurred in the judgment and opinion. |

**OPINION**

¶ 1    After a jury trial, defendant, Peter A. Ventsias, was convicted of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2006)). Prior to sentencing, he filed a motion to dismiss the charge, alleging a double jeopardy violation. The trial court denied the motion, and defendant filed an interlocutory appeal to challenge that ruling. We affirm the trial court's judgment.

¶ 2                                              FACTS

¶ 3    In March 2006, defendant was arrested and charged with one count of predatory criminal sexual assault of a child (the predatory charge), a Class X felony, and one count of aggravated criminal sexual abuse (the abuse charge), a Class 2 felony (720 ILCS 5/12-16(c)(1)(i) (West 2006)), for allegedly sexually molesting eight-year-old G.L. A jury trial was held in December 2007 and defendant was found guilty of the predatory charge and not guilty of the abuse charge. Defendant was subsequently sentenced to 11 years' imprisonment. Defendant appealed, and this court reversed defendant's conviction on the predatory charge because of an issue of juror bias and remanded the case for a new trial on that charge. *People v. Ventsias*, No. 3-08-0209 (2009) (unpublished order under Supreme Court Rule 23).

¶ 4    In January 2012, while the case was on remand and prior to a second trial, the State and the defense informed the trial court at a pretrial hearing that they had entered into a plea agreement wherein defendant would plead guilty to the abuse charge of which he had previously been acquitted and the State would nol-pros the predatory charge.[1] As part of the parties' plea agreement, a sentencing hearing would be scheduled and it was anticipated that the parties would reach an agreement as to the sentence, as well. In taking defendant's plea of guilty, the trial court thoroughly admonished defendant. Defendant was given all of the admonishments

---

[1]A motion by the State to nol-pros a particular criminal charge or case is comparable to a motion to dismiss. See *People v. Daniels*, 187 Ill. 2d 301, 312 (1999); *People v. Watson*, 394 Ill. 177, 179-80 (1946). It is a formal declaration by the prosecuting attorney that he is unwilling to prosecute the particular charge or case in question. *Id.*

provided for in Illinois Supreme Court Rule 402 (eff. July 1, 1997). In addition, based upon the unique circumstances of the plea, defendant was thoroughly admonished that double jeopardy barred reprosecution of defendant on the abuse charge because of the prior acquittal and that the only way that the State could reinstate the charge was if defendant consented to the State doing so. Defendant acknowledged that he understood all of the admonishments and that he was consenting to the State reinstating the abuse charge. After the admonishments had concluded, the trial court accepted defendant's plea of guilty on the abuse charge and the predatory charge was nol-prossed pursuant to the plea agreement.[2] The case was scheduled for a sentencing hearing to take place a few months later.

¶ 5 At some point shortly thereafter, in a conversation that took place off the record, the trial court mentioned to the attorneys involved that it had concerns over whether defendant could properly plead guilty to a charge of which he had previously been acquitted. About a week after the plea hearing, the State filed a motion to update the charges. In the motion, the State alleged that at the time of the plea, the parties intended for defendant to plead guilty to a Class 2 felony aggravated criminal sexual abuse charge and that they mistakenly believed that the prior abuse charge could be reinstated. The State asked the trial court to vacate the plea and to "allow a proper plea be entered instanter to the desired class 2 felony keeping the same sentencing date in the future." When the motion came up for hearing, defense counsel informed the trial court that defendant no longer wanted to enter a plea of guilty, that defendant wanted a trial, and that the parties were asking by agreement to vacate the prior minutes and the previous plea of guilty. Without providing defendant with any type of admonishments, the trial court vacated the prior plea and reinstated the prior predatory charge.[3] The trial court indicated on the record that the predatory charge was being reinstated on the motion of the defense and asked defense counsel if he had any objection to that. Defense counsel responded that he did not. The trial court inquired of defense counsel if defendant understood what was going on, and defense counsel responded affirmatively.

¶ 6 A second jury trial took place on the predatory charge in July and August 2012 at conclusion of which defendant was again found guilty. Prior to sentencing, defendant hired a new attorney. The new attorney filed a motion to dismiss the predatory charge based upon a double jeopardy violation.[4] The trial court denied the motion after a hearing. As provided for in Illinois Supreme Court Rule 604(f) (eff. Feb. 6, 2013), defendant filed the instant interlocutory appeal to challenge the trial court's ruling.

---

[2]The trial court record does not clearly indicate whether the *nolle prosequi* was actually entered before or after the plea was accepted. There is no mention of the *nolle prosequi* being entered in the transcript of the proceeding, although it was mentioned by the prosecutor as one of the terms of the plea agreement when the trial court was informed of the plea. The trial court docket sheet lists the entry of the guilty plea first, the *nolle prosequi* second, and the entry of a judgment of conviction third. There is no dispute, however, that both the acceptance of the plea and the *nolle prosequi* took place at the same plea hearing.

[3]At times during the hearing, the trial court indicated that it was vacating the prior plea on its own motion.

[4]Despite the statutory requirement (see 725 ILCS 5/114-1(a), (b) (West 2012)), defendant did not file his motion to dismiss the charge prior to the second trial. No issue has been raised, however, as to whether the motion to dismiss was timely filed.

¶ 7                                                    ANALYSIS

¶ 8            Defendant argues on appeal that the trial court erred in denying his motion to dismiss the predatory charge based upon a violation of double jeopardy. Defendant asserts that jeopardy attached to the predatory charge at the plea hearing because the *nolle prosequi* of that charge was not entered until after defendant's plea of guilty on the reinstated abuse charge had been accepted. Thus, defendant contends that the *nolle prosequi* had the same effect as an acquittal and that he could not be prosecuted further on the predatory charge. As part of that assertion, defendant claims that his waiver of his double jeopardy rights on the abuse charge was valid under the law and was supported by public policy and that his plea of guilty to that charge should not have been vacated by the trial court. In the alternative, defendant asserts that even if his plea to the abuse charge was invalid, reinstatement of the predatory charge and retrial of defendant on that charge were barred under the circumstances of this case because defendant was never admonished when the guilty plea was vacated that the predatory charge would be reinstated. For all of the reasons set forth, defendant asks that we reverse the trial court's denial of his motion to dismiss the predatory charge, that we vacate the finding of guilty on the predatory charge, that we reinstate defendant's plea of guilty to the abuse charge, and that we remand the case with directions to the trial court to sentence defendant on the abuse charge.

¶ 9            The State argues that the trial court's ruling was proper and should be upheld. The State asserts that jeopardy did not attach to the predatory charge at the time of the plea hearing because defendant did not enter a plea of guilty to that charge. Thus, the State contends that it was not barred from prosecuting defendant further on the predatory charge. The State also asserts that because defendant's plea to the reinstated abuse charge was invalid, the trial court was required to vacate the plea and to reinstate the predatory charge, which had been nol-prossed pursuant to the plea agreement. In support of that assertion, the State contends that a defendant who has been acquitted of a charge after a trial cannot validly waive his double jeopardy rights as to that charge to allow the charge to be reinstated, even if the defendant does so as part of a counseled guilty plea in which a higher level of offense is being dismissed. As for defendant's claim regarding admonishments, the State asserts that the admonishments cited by defendant were not required in this case because the vacation of the plea was not being done on defendant's motion but, rather, on motion of the State. The State disputes defendant's public policy assertion and contends that public policy would not allow a person to plead guilty to a charge of which he had previously been acquitted. For all the reasons cited, the State asks that we affirm the trial court's denial of defendant's motion to dismiss the predatory charge on double jeopardy grounds.

¶ 10           In general, a trial court's ruling on a motion to dismiss a charge on double jeopardy grounds will not be reversed on appeal absent an abuse of discretion. *People v. Griffith*, 404 Ill. App. 3d 1072, 1079 (2010). However, when neither the facts nor the credibility of the witnesses is at issue in the appellate court's review of the trial court's ruling on the motion, such as in the present case, the question becomes one of law and the standard of review on appeal is *de novo*. See *id*.

¶ 11           "The double jeopardy clause of the fifth amendment to the United States Constitution, made applicable to the states through the fourteenth amendment, provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.' U.S. Const., amends. V, XIV." *People v. Bellmyer*, 199 Ill. 2d 529, 536-37 (2002). Similar protection is

provided by the Illinois Constitution (Ill. Const. 1970, art. I, § 10) and by Illinois statute (720 ILCS 5/3-4(a) (West 2012)). *Bellmyer*, 199 Ill. 2d at 537. The prohibition against double jeopardy stems from an intent to promote fairness and finality in legal proceedings. *Daniels*, 187 Ill. 2d at 309. "The cornerstone of the double jeopardy clause is 'that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.' " *People v. Williams*, 188 Ill. 2d 293, 307 (1999) (quoting *Green v. United States*, 355 U.S. 184, 187-88 (1957)). The protection provided by the double jeopardy clause has been put into effect through rules that specify when jeopardy attaches and that prohibit a subsequent prosecution in certain situations that would violate the double jeopardy clause. See *People v. Knaff*, 196 Ill. 2d 460, 468 (2001). The rules with regard to double jeopardy, however, should not be applied in a mechanical nature, especially if the situation is such that the interests the rules seek to protect are not endangered and a mechanical application would frustrate society's interest in enforcing its criminal laws. See *id*. at 468-69.

¶ 12    The double jeopardy clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *People v. Henry*, 204 Ill. 2d 267, 283 (2003). Only the first protection is involved in the instant case. To determine whether a retrial or other subsequent proceeding would violate a defendant's double jeopardy rights, a reviewing court must decide whether the defendant was placed in jeopardy during the first proceeding and, if so, whether the defendant can nevertheless be subjected to a retrial or other subsequent proceeding. See *Bellmyer*, 199 Ill. 2d at 537. The first step in that analysis is to determine the point in the initial proceeding when jeopardy attached. *Id*. at 538. The law in that regard is well established. In a jury trial, jeopardy attaches when the jury is impaneled and sworn; in a bench trial, jeopardy attaches when the first witness is sworn and the court begins to hear evidence; and in a guilty plea proceeding, jeopardy attaches when the guilty plea is accepted by the trial court but only attaches to those offenses to which the defendant pleads guilty. *Watson*, 394 Ill. at 180-83; *People v. McCutcheon*, 68 Ill. 2d 101, 106-08 (1977); *Daniels*, 187 Ill. 2d at 310-13; *People v. Cabrera*, 402 Ill. App. 3d 440, 447-48 (2010). As for a motion by the State to nol-pros a charge, if the motion is allowed and entered before jeopardy has attached to the charge, the *nolle prosequi* does not operate as an acquittal, and a subsequent prosecution for the same offense can legally proceed. *Id*. If, on the other hand, a motion to nol-pros is allowed and entered after jeopardy has attached to the charge, the *nolle prosequi* has the same effect as an acquittal, and the State may not pursue that charge in a subsequent proceeding. *Id*.

¶ 13    Regardless of the context, the protection against double jeopardy only applies if there has been some event that terminates the original jeopardy. See *Cabrera*, 402 Ill. App. 3d at 449. Under the concept of continuing jeopardy, reprosecution is not barred by the double jeopardy clause in certain circumstances where the criminal proceeding against a defendant has not run its full course. *Id*. For example, double jeopardy does not prevent a retrial when a defendant's conviction is reversed on appeal, unless the reversal is because of insufficient evidence; nor does double jeopardy prohibit a retrial when the initial trial was ended as the result of a properly declared mistrial. *Id*. By the same token, double jeopardy does not bar subsequent

prosecution of a charge to which a defendant's plea of guilty was accepted, if the plea proceeding is later terminated for a proper reason, such as if the plea is properly vacated. See *id*. However, if a plea proceeding is terminated improperly after jeopardy has already attached, a subsequent prosecution on the charge to which defendant originally pled guilty will be prohibited by the double jeopardy clause, the same as if a jury or bench trial was terminated improperly. *Id*.

¶ 14 In the instant case, after having reviewed the law in this area and the unique facts involved, we find that the trial court properly denied defendant's motion to dismiss the predatory charge on double jeopardy grounds. Simply put, jeopardy did not attach to the predatory charge at the time of the plea hearing because defendant did not enter a plea of guilty to that charge. See *Watson*, 394 Ill. at 180-83; *McCutcheon*, 68 Ill. 2d at 106-08; *Daniels*, 187 Ill. 2d at 310-13; *Cabrera*, 402 Ill. App. 3d at 447-48. Rather, the charge was nol-prossed on motion of the State during the same hearing as part of the plea agreement. Although there have been some unclear statements in the law on this point, we believe that the precedent of our supreme court is fairly well settled that jeopardy would not have attached to the predatory charge at the time of the plea hearing under the circumstances of the present case. See *id*. We, therefore, reject defendant's argument on this issue.

¶ 15 In reaching that conclusion, we note that even if jeopardy had attached to the predatory charge at the plea hearing, we still would have to find that the subsequent prosecution on that charge did not violate defendant's double jeopardy rights because the plea proceeding was properly terminated by the trial court when the trial court and the parties realized that defendant could not enter a valid plea of guilty on a charge of which he had already been acquitted. See *Cabrera*, 402 Ill. App. 3d at 447-49; *People v. Caban*, 318 Ill. App. 3d 1082, 1089-90 (2001) (double jeopardy did not bar a subsequent trial where defendant's plea of guilty to the charge in question was vacated on the State's motion because the agreed sentence did not comply with the statutory guidelines). Defendant's assertion to the contrary is based upon the faulty premise that at the plea hearing, he made a valid waiver of his double jeopardy rights as to the abuse charge, even though he had previously been acquitted of that charge after a jury trial. Although double jeopardy rights may be waived in some circumstances, they may not be waived under the circumstances of the present case in which the State is constitutionally prohibited from prosecuting defendant or from haling defendant into court on the charge in question. See *Blackledge v. Perry*, 417 U.S. 21, 29-31 (1974) (in a case involving a due process claim that was similar to a claim of double jeopardy, the United States Supreme Court held that defendant did not waive his due process claim by pleading guilty to a felony charge, which was brought in response to defendant's appeal of his conviction on a similar misdemeanor charge involving the same incident, because the defendant's right in that particular instance was the right not to be haled into court at all on the felony charge and the very initiation of further proceedings against the defendant violated due process of law); *Menna v. New York*, 423 U.S. 61, 62-63 (1975) (in a case in which the defendant was charged with, and pled guilty to, a criminal offense for refusing to testify before a grand jury after he had already been found in contempt and had already served a 30-day jail sentence for the same incident, the United States Supreme Court reversed the state appellate court's ruling that the defendant had waived his double jeopardy rights by pleading guilty to the criminal charge and remanded the case to the appellate court for a determination as to the merits of the defendant's double jeopardy claim, stating that "[w]here the State is precluded by the United States Constitution from haling a

defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty"); *United States v. Broce*, 488 U.S. 563, 574-76 (1989) (in a case in which a defendant who pled guilty to two conspiracies later sought to have the sentences set aside, alleging that there was only a single conspiracy, the United States Supreme Court noted that although double jeopardy claims in a criminal case were generally waived when a defendant pled guilty, there was an exception to that rule that applied in situations where the State could not hale the defendant into court or constitutionally prosecute the defendant on the charge in question). Thus, the waiver of defendant's double jeopardy rights in the present case was invalid and the trial court properly vacated defendant's guilty plea on the State's motion and properly reinstated the predatory charge. See *id.*

¶ 16    We recognize the practical application of defendant's public policy argument–that a defendant should be allowed to waive his double jeopardy protection as part of a plea agreement if it is in his benefit to do so, as long as the waiver is knowingly and voluntarily made. However, we cannot ignore the strong indication in the decisions of the United States Supreme Court that in this particular situation–where a defendant has been previously acquitted of a charge–the protection against double jeopardy is so fundamental to the integrity of our justice system that it cannot be waived by a defendant, even as the result of a counseled guilty plea. See *id*; *Martinez v. Illinois*, 572 U.S. ___, ___, 134 S. Ct. 2070, 2077 (2014) (in a case in which the State respectfully refused to participate in defendant's jury trial after its motion to continue the trial was denied, the United States Supreme Court held that the State could not appeal the grant of a directed verdict of not guilty for defendant and stated that "the State knew, or should have known, that an acquittal forever bars the retrial of the defendant when it occurs after jeopardy has attached"). In line with that same precedent, we also do not believe that the State has the ability to reinstate the charge under the circumstances of the present case. See *Blackledge*, 417 U.S. at 29-31; *Menna*, 423 U.S. at 62-63; *Broce*, 488 U.S. at 574-76.

¶ 17    As for defendant's assertion in the alternative–that the vacation of the plea and the subsequent trial on the predatory charge were improper because defendant was not admonished at the time the plea was vacated that the predatory charge would be reinstated–we find that assertion to be misplaced. The admonishments to which defendant refers apply in a situation where a plea is vacated on defendant's own motion. See Ill. S. Ct. R. 605(b) (eff. Oct. 1, 2001). That rule has no application under the facts of the present case, where the plea was vacated on the motion of State or on the motion of the trial court itself. Regardless of any admonishments or whether defendant agreed, the plea in the instant case was going to be vacated by the trial court because the plea was constitutionally impermissible. See *Blackledge*, 417 U.S. at 29-31; *Menna*, 423 U.S. at 62-63; *Broce*, 488 U.S. at 574-76.

¶ 18                                CONCLUSION
¶ 19    For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

¶ 20    Affirmed.